Opinion filed July 27, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed July 27, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00046-CR 

                                                    __________

 

                               JOSIAS RAMIREZ VALDEZ, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 248th District Court

 

                                                          Harris
County, Texas

 

                                                   Trial
Court Cause No. 992196

 



 

                                                                   O
P I N I O N

Josias Ramirez Valdez was charged with aggravated
sexual assault of a child under the age of fourteen years.  The jury found Valdez guilty, sentenced him
to thirty-five years confinement in the Texas Department of Criminal
Justice-Institutional Division, and fined him $10,000.  We find no error and affirm.

                                                              I.
Background Facts








On October 6, 2003, Norma Solis and her mother
were in their car in the parking lot of an apartment complex when they heard a
little boy screaming and saw him coming toward them.  The boy=s
hands were tied, and he appeared scared. 
Solis took him to her brother=s
apartment.  He told her that his name was
J.V. and that his father had tied him to the stair rail.  J.V.=s
wrists were tied so tightly that they were turning purple.  He had a mixture of old and recent marks and
scabs on his back.

Solis called the police.  Officer Damon Richardson responded to the
call.  He saw Valdez entering an
apartment as he was exiting his car. 
Valdez came back to Officer Richardson and said, AWhat?
What?@  Officer Richardson disregarded Valdez at the
time because he was looking for an injured child.  After speaking to J.V., Officer Richardson
realized that Valdez might be J.V.=s
father.  Officer Richardson spoke with
Valdez.  Valdez told him that his son was
lost.  Officer Richardson advised him
that his son had been located and that his son claimed Valdez had assaulted
him.  Officer Richardson asked for
permission to search Valdez=s
residence.  Valdez consented.  Officer Richardson took J.V. with him.  J.V. had described a wooden board that he
claimed Valdez used to beat him.  Valdez
denied having such a board.  J.V. went
directly upstairs and retrieved it from under a bed.  J.V. also showed the police where he had been
tied.

The police noticed bruising all over J.V.=s body. 
J.V. showed the officers his bruises but did not complain of any injury
to his buttocks or genitalia.  He was
taken to Texas Children=s
Hospital where he was treated in the hospital=s
psychiatric department for seven days. 
He was then placed in a foster home with Maritza Martinez.  J.V. never told Martinez that he had been
sexually abused, but she began to suspect abuse because of J.V.=s behavior.  She asked for a psychiatric consult and
shared her concern with J.V.=s
CPS caseworker, Abel Zamora.

J.V. subsequently told Zamora that his dad had
abused him.  J.V. was taken to the Children=s Assessment Center for evaluation and
was interviewed by Claudia Mullin.  J.V.
told her that one afternoon his dad had touched his Apee@ and his Apompies@ with his hand.  These were identified as J.V.=s penis and anus.  He said his dad dressed him in a dress and
put lipstick on him.  He later took his
and J.V.=s clothes
off, laid J.V. down on the floor on his stomach, and put his hand inside J.V.=s bottom.  He then turned J.V. over and played with his
genitalia.  Dr. Rebecca Girardet examined
J.V. on February 19, 2004.  She did not
find any physical evidence of abuse but indicated that a majority of the
children who allege abuse have a normal exam. 
J.V. did not report any sexual abuse to her.








J.V. testified at trial.  He was six years old at the time of the
alleged incident and seven at the time of trial.  He described being hit with a board, being
tied to a stair rail, and then being left alone. J.V. testified that he was
able to untie himself using his teeth. 
He also testified that his dad touched him in some places that he did
not like.  J.V. described being dressed
in girl=s clothes
and having makeup applied to his face. 
He told the jury that his dad took him to his bedroom.  His dad then undressed himself and J.V.  His dad laid on top of him, and he felt
something hard in the inside of his bottom. 
He also testified that his dad touched his genitalia and kissed him on
the mouth.

                                                                       II.
Issues

Valdez challenges his conviction with two
issues.  Valdez argues first that he was
denied the right to a unanimous verdict because the jury charge submitted three
separate offenses in the disjunctive and second that he was denied effective
assistance of counsel because his trial attorney did not object to the charge.

                                                            III.
Standard of Review

When analyzing a jury-charge issue, we must first
decide whether error exists. 
Middleton v. State, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003).  If so, we analyze that error for harm.  The degree of harm necessary depends upon
whether the error was preserved by objection. 
If the defendant properly objected to the charge, some harm requires
reversal.  Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1985). 
If the defendant did not object to the charge, reversal is not required
unless the record shows egregious harm to the defendant.  Id. 

Egregious harm requires more than mere theoretical
harm.  Errors that result in egregious
harm are those that affect the very basis of the case, deprive a defendant of a
valuable right, or vitally affect a defensive theory.  Ngo v. State, 175 S.W.3d 738, 750
(Tex. Crim App. 2005).

When considering ineffective assistance claims, we
apply a two-prong standard.  A defendant
must first demonstrate that his trial counsel=s
performance was deficient.  This requires
showing that counsel made errors so serious that he was not functioning as
guaranteed by the Sixth Amendment. 
Second, the defendant must show that the deficient performance
prejudiced the defense.  This requires
proof that counsel=s errors
were so serious as to deprive the defendant of a fair trial.  Strickland v. Washington, 466 U.S.
668, 686 (1984).








                                                                   IV.
Discussion

The State charged Valdez with aggravated sexual
assault of a child under the age of fourteen years pursuant to Tex. Pen. Code Ann. ' 22.021 (Vernon Supp. 2005).[1]  The indictment alleged in three separate
paragraphs that on or about October 1, 2003, Valdez did:

[I]ntentionally
and knowingly cause the penetration of the ANUS of [J.V.] herein-after called
the Complainant, a person younger than fourteen years of age and not the spouse
of the Defendant, by placing HIS SEXUAL ORGAN in the ANUS of the Complainant.

 

[I]ntentionally
and knowingly cause the anus of [J.V.], a person younger than fourteen years of
age and not the spouse of the Defendant, to contact the SEXUAL ORGAN of the
DEFENDANT.

 

[I]ntentionally
and knowingly cause the penetration of the ANUS of [J.V.] hereinafter called
the Complainant, a person younger than fourteen years of age and not the spouse
of the Defendant, by placing HIS FINGER in the ANUS of the Complainant.

 

During closing argument, the prosecutor said:

We
talked about the date, October 1st, 2003. 
You all know that that specific date is not what is important.  Y=all
know that it is not a specific date, but it is on or about.








 

You
also have the elements of how this happened, the three different ways that the
sexual assault was alleged.  We talked to
you about that.  Finger, penetration.  Talked to you about sexual organ, contact or
touch, and then sexual organ penetration. 


 

Regarding these three things, that is not
something that you all have to agree on. 
First, you jurors can agree that it was finger penetration.  Second you can agree that it is the sexual
organ touching.  One of you may think it
was the penetration of the sexual organ.  The rest of you may think all three
happened.  It does not matter as far as y=all agreeing on which one
happened.  What is important is that you
believe that sexual abuse occurred.  That=s what you must find.

 

Valdez=s
trial counsel did not object to this argument but responded:

If
they were so certain about their case, would they give you three different ways
to convict him?  Pick your one of the
three?  Or would they give you one solid
one and say, go back there because this is what we=ve
got and we=ve proven
it to you.

 

The court then instructed the jury:

Now, if you find from the evidence beyond a
reasonable doubt that on or about the 1st day of October, 2003, in Harris
County, Texas, the defendant, Josias Ramirez Valdez, did then and there
unlawfully, intentionally or knowingly cause the penetration of the anus of [J.V.]
a person younger than fourteen years of age and not the spouse of the
defendant, by placing his sexual organ in the anus of [J.V.]; or

 

If you find from the evidence beyond a reasonable
doubt that on or about the 1st day of October, 2003, in Harris County, Texas,
the defendant, Josias Ramirez Valdez, did then and there unlawfully,
intentionally or knowingly cause the anus of [J.V.], a person younger than
fourteen years of age and not the spouse of the defendant, to contact the
sexual organ of the defendant; or

 

If you find from the evidence beyond a reasonable
doubt that on or about the 1st day of October, 2003, in Harris County, Texas,
the defendant, Josias Ramirez Valdez, did then and there unlawfully,
intentionally or knowingly cause the penetration of the anus of [J.V.], a
person younger than fourteen years of age and not the spouse of the defendant,
by placing his finger in the anus of [J.V.], then you will find the defendant
guilty as charged in the indictment.

 

Valdez argues that he was denied his right to a
unanimous verdict as guaranteed by Tex.
Const. art. V, '
13 and Tex. Code Crim. Proc. Ann.
art. 36.29(a) (Vernon Supp. 2005) because it is impossible to determine from
the jury=s general
verdict upon which paragraph he was convicted. 
The State answers that appellant was not charged with separate offenses
but alternative means of committing one offense.








The State can allege alternative legal theories
for one offense in one indictment.  Hathorn
v. State, 848 S.W.2d 101, 113 (Tex. Crim. App. 1992).  If so, the State may obtain only one
conviction based upon that indictment. 
The State can also join separate offenses in one indictment, as long as
the offenses arise out of the same criminal episode.  When the State charges an individual with
different criminal acts, regardless of whether they constitute violations of
the same or different statutory provisions, the jury must be instructed that it
cannot return a guilty verdict unless it unanimously agrees upon the commission
of any one of the criminal acts.  Francis
v. State, 36 S.W.3d 121, 125 (Tex. Crim. App. 2000).

Section 22.021 is a conduct-oriented offense in
which the legislature criminalized very specific conduct of several different
types.  Vick v. State, 991 S.W.2d
830, 832 (Tex. Crim. App. 1999).  Each
separately described act constitutes a separate statutory offense.  Id. at 833.  For example, in Vick, the court held
that allegations that the defendant caused the child=s
sexual organ to contact his mouth was a separate and distinct statutory offense
from the alleged penetration of the child=s
sexual organ by the defendant=s
sexual organ.  Id.  In Francis, 36 S.W.3d at 124, the
court held that touching the victim=s
breast and touching the victim=s
genitals were separate offenses.

Lower courts have applied these holdings to a
variety of allegations under Section 22.021 and found that separate offenses
had been alleged.  In Martinez v.
State, 190 S.W.3d 254, 258 (Tex. App.CHouston
[1st Dist.] 2006, pet. ref=d),
the court held that an allegation that the defendant caused his sexual organ to
contact the minor=s sexual
organ was a separate offense from an allegation that he caused the minor=s anus to contact his sexual
organ.  The San Antonio Court has held
that contact and penetration of the victim=s
mouth and anus with the defendant=s
sexual organ were separate offenses.  In
re M.P., 126 S.W.3d 228, 231 (Tex. App.CSan
Antonio 2003, no pet.).  In Carty v.
State, 178 S.W.3d 297, 302 (Tex. App.CHouston
[1st Dist.] 2005, pet. ref=d),
and Clear v. State, 76 S.W.3d 622, 624 (Tex. App.CCorpus
Christi 2002, no pet.), the courts held that allegations that the defendant
penetrated or contacted the minor=s
sexual organ with his sexual organ was a separate offense from the allegation
that he penetrated the minor=s
sexual organ with his finger.








Lower courts have, however, identified two
exceptions to the general rule that each allegation under Section 22.021
constitutes a separate offense.  The
first involves subsumed conduct.  In Tyson
v. State, 172 S.W.3d 172, 178 (Tex. App.CFort
Worth 2005, pet. ref=d),
the court recognized that Section 22.021 identifies different types of conduct
which constitute separate offenses B
even if they occur in the same transaction B
except in cases in which one of the acts would necessarily be subsumed by
another, such as contact and penetration. 
See also Patterson v. State, 152 S.W.3d 88, 92 (Tex. Crim. App.
2004) (penile contact with mouth, genitals, or anus in the course of penile
penetration is subsumed within the penetration offense); Hendrix v. State,
150 S.W.3d 839, 847-48 (Tex. App.CHouston
[14th Dist.] 2004, pet. ref=d)
(jury charge which submitted instances of penetration and contact occurring in
the same transaction did not deprive the defendant of a unanimous verdict
because all of the jurors who believed there was penetration necessarily also
believed that antecedent contact had occurred).

The allegation that Valdez caused J.V.=s anus to contact his sexual organ is
subsumed with the allegation that he penetrated J.V.=s
anus with his sexual organ.  Every juror
who believed that Valdez penetrated J.V.=s
anus necessarily believed that the antecedent contact had occurred.  See Hendrix, 150 S.W.3d at
847-48.  Consequently, considering just
these two allegations, there is no fear that different jurors agreed a crime
had been committed but disagreed upon which one.

The second exception arises when the allegations
involve a single incident B
as opposed to a single transaction.  In Cook
v. State, No. 14-05-00142-CR, 2006 WL 1147943, at *3 (Tex. App.CHouston [14th Dist.] February 14, 2006,
no pet.), the court held that allegations that the defendant penetrated the
minor=s sexual
organ with his finger or with an unknown object alleged two different means or
manners of committing a single offense rather than two separate offenses.  The court noted that both acts implicated the
same statutory subsection, 22.021(a)(1)(B)(iii), and that the state=s case was based upon only one incident
of penetration.  Id. at *3.

Courts have scrutinized jury charges in Section
22.021 cases to avoid the possibility that the jury agreed the statute had been
violated but disagreed about which proscribed conduct had occurred.  The concern is that a charge with separate
offenses in the disjunctive would allow six jurors to believe the defendant was
guilty of the first but not the second charged offense and would allow the
other six to believe that he was guilty of the second but not the first charged
offense.  Cook, 2006 WL 1147943 at
*3.  In that instance, the defendant
would be convicted with less than a unanimous verdict.








When the defendant is alleged to have contacted or
penetrated separate parts of the victim=s
body, such as the victim=s
breast and genitals in Francis, 36 S.W.3d 121, the concern for a
unanimous verdict is more apparent. 
Unlike allegations of subsumed conduct, the belief that the defendant
contacted or penetrated one body part does not require the jury to conclude he
did so to the other.  That concern is not
present here because Valdez could only be convicted if the jury determined he
assaulted J.V.=s
anus.  The indictment alleged that Valdez
penetrated J.V.=s anus
with his finger or sexual organ or caused J.V.=s
anus to contact his sexual organ.  J.V.
testified that his father also touched his genitalia.  But Valdez was not indicted for this, there
was no reference to it in the charge, and the prosecution did not urge this as
a basis for Valdez=s
conviction.  The jury could not,
therefore, divide over whether Valdez assaulted one body part or the other but
necessarily had to agree that Valdez contacted or penetrated J.V.=s anus to return a guilty verdict.

The charge, however, also instructed the jury to
return a guilty verdict if it believed Valdez penetrated J.V.=s anus with his finger or sexual
organ.  As discussed above, two lower
courts have determined these are separate acts and, therefore, separate
offenses.  See Carty, 178
S.W.3d 297; Clear, 76 S.W.3d at 622.

In Clear, the charge instructed the jury to
return a guilty verdict if it determined that the defendant penetrated the child=s sexual organ with his finger or
sexual organ.  The State confessed error,
relying on Francis, 36 S.W.3d 121. 
Consequently, the court did not reach the issue we must decide.  In Carty, 178 S.W.3d 297, the charge
was similar to the one used in this case. 
The jury was allowed to convict the defendant if it found that he placed
his sexual organ in contact with the minor=s
sexual organ, if it found that he penetrated her sexual organ with his finger,
or if he penetrated her sexual organ with his own.  Id. at 301.

The Fourteenth Court recently distinguished Carty,
noting that it involved allegations of more than one incident of assaultive
conduct.  Cook, 2006 WL 1147943 at
*3.  In Carty, the defendant was
indicted for assaults which allegedly took place on two separate dates.  The victim testified that on both occasions
the defendant touched and penetrated her sexual organ with his own and that he also
touched her sexual organ with his middle and index fingers.  The jury charge separated the incidents by
date but not by the acts which allegedly occurred on each date. 








We believe Cook and its single incident
exception is consistent with the Texas Court of Criminal Appeals=s decisions in both Francis and Vick.  In those cases, the defendant=s alleged conduct could be clearly
distinguished between separate criminal acts as opposed to multiple means for
committing the same offense.  In Vick,
991 S.W.2d 830, the alleged conduct involved different body parts and different
subsections of Section 22.021.  The court=s analysis highlighted the fact that
penetrating a child=s sexual
organ with a defendant=s
sexual organ is a separate and distinct act from causing the child=s sexual organ to contact the defendant=s mouth.  Id. at 833.  In Francis, 36 S.W.3d 121, the
defendant was accused of four acts of indecency with a child.  The acts occurred at different times and
dates.  In both Francis and Vick,
evidence establishing one alleged act would not prove the other.  Therefore, the jury could divide over whether
one or the other occurred.

Valdez did not face accusations of multiple or
separate acts of penetration or contact. The indictment alleged the assault
occurred on one date.  J.V.=s testimony described a single incident
of anal contact or penetration.  Section
22.021(a)(1)(B)(i) makes it an offense to penetrate a child=s anus by any means.  J.V. did not describe with what Valdez
penetrated his anus but simply explained that he felt something hard inside his
bottom.  Under the evidence in this case,
Valdez=s right
to a unanimous verdict was not denied.  A
jury must unanimously agree on each element of an offense to convict but need
not agree on all of the underlying facts that make up that element.  Richardson v. United States, 526 U.S.
813, 817 (1999).  The evidence described
one assaultive incident.  To return a
guilty verdict, the jury was necessarily required to unanimously agree that
this incident took place.[2]  While the jurors may have disagreed over
whether Valdez used a finger or his sexual organ, that would not allow the jury
to divide over which crime was committed, since either is sufficient to
establish a violation of Section 22.021(a)(1)(B)(i).

Valdez=s
first issue is overruled.  In light of
this holding, it is unnecessary for us to reach his second issue.

                                             V.
Holding

The judgment of the trial court is affirmed.  

 

July 27,
2006                                                                           RICK
STRANGE

Publish.  See Tex.
R. App. P. 47.2(b).                                    JUSTICE

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











     [1]This
statute provides in pertinent part:

 

(a) A person commits an offense:

 

(1) if the person:

 

. . . .

 

(B) intentionally or knowingly:

 

(i) causes the penetration of the anus or sexual organ
of a child by any means;

 

(ii) causes the penetration of the mouth of a child by
the sexual organ of the actor;

 

(iii) causes the sexual organ of a child to contact or
penetrate the mouth, anus, or sexual organ of another person, including the
actor; 

 

(iv) causes the anus of a child to contact the mouth,
anus, or sexual organ of another person, including the actor; or

 

(v) causes the mouth of a child to contact the anus or
sexual organ of another person, including the actor.

 





     [2]This
situation is not dissimilar to Martinez, 190 S.W.3d 254.  In that case, the defendant was accused of
sexual contact with the victim=s sexual organ and anus.  The court found that these were separate
offenses but, when evaluating harm, concluded that, in light of the evidence
and arguments of counsel, individual jurors would have either found that the
defendant committed both acts or neither. 
Id. at 261.