**Keith Samuel COOK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–05–00142–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 14, 2006.

Rehearing Overruled April 20, 2006.

---

**116**

Clyde Williams, Houston, for appellants.

Dan McCrory, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices YATES and GUZMAN.

**OPINION**

ADELE HEDGES, Chief Justice.

Appellant, Keith Samuel Cook, appeals from his conviction for aggravated sexual assault of a child. A jury found him guilty and assessed punishment at 50 years' imprisonment. On appeal, appellant contends that he was denied his right to a unanimous verdict because the trial court charged the jury on different offenses in the disjunctive. We affirm.

### Background

Eugenia Kay White testified that she is the complainant's mother. Complainant was born on January 9, 2004. On February 20, 2004, White was taking a bath, and complainant was in a bassinet outside the bathroom door. At one point, appellant, who was living with White and involved in a romantic relationship with her, entered the bathroom. He told White that he had changed complainant's diaper and scratched her with his nail. White examined complainant and noticed that there was blood in her diaper and that the injury, between complainant's vagina and anus, looked more like a cut than a scratch. White subsequently took complainant to the emergency room. At the hospital, White initially claimed that she had accidentally injured complainant while changing her diaper, but she subsequently revealed that complainant had sustained her injuries while with appellant.

Dr. Robert Bloss testified that he is a pediatric surgeon at Texas Children's Hospital and treated complainant's injuries. He said that complainant sustained injuries to her anus and her vagina. The injury to her anus was consistent with penetration of the anus by an unknown object. The injuries to her vagina included a deep internal tear that ran through

the hymen and to the posterior wall. He could think of no other cause for the vaginal injuries except penetration of complainant's vagina. The injuries were "tear type injuries" instead of "cut type injuries," and the cause "would have to [have been] a blunt object that was larger than the opening." The injuries were "[a]bsolutely not" the result of an accidental fingernail scratch while wiping, nor were they the result of a birth defect or movement of complainant's legs. The type of damage was consistent with penetration by an erect penis, but it could have been something else. He discounted the possibility that it could have been a finger but stated it could have been a thumb, a broom handle, or anything larger than the opening itself. He concluded that the cause of the injury did not appear to be an accident "in any way, shape or form."

Tom Kershaw testified that he is a social worker with the Austin State Hospital, which is a psychiatric facility. Appellant checked himself into the hospital on February 24, 2004. Appellant told Kershaw that he (appellant) had accidentally injured complainant. Leslie McFarland testified that she is a detective with the Harris County Sheriff's Department. She stated that appellant told her that he had accidently injured complainant.

Appellant testified that on February 20, 2004, he returned to the apartment he shared with White. White showed him a tear on complainant and stated that she thought she may have scratched the child with her nail. Appellant further testified that White said she was going to blame appellant for the injury because she was afraid of losing her children. Appellant said he then checked into the Austin State Hospital and was placed on medication because he was hallucinating. He stated that he did not remember talking to Kershaw or McFarland.

The jury charge read as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 20th day of February, 2004, in Harris County, Texas, the defendant, Keith Samuel Cook, did then and there unlawfully, intentionally or knowingly cause the penetration of the female sexual organ of [complainant], a person younger than fourteen years of age and not the spouse of the defendant, by placing his finger in the female sexual organ of [complainant]; or

If you find from the evidence beyond a reasonable doubt that on or about the 20th day of February, 2004, in Harris County, Texas, the defendant, Keith Samuel Cook, did then and there unlawfully, intentionally or knowingly cause the penetration of the female sexual organ of [complainant], a person younger than fourteen years of age and not the spouse of defendant, by placing an unknown object in the female sexual organ of [complainant], then you will find the defendant guilty as charged in the indictment.

Consequently, the jury was authorized to convict appellant if it found that he caused the penetration of complainant's sexual organ either by his finger or by an unknown object. The jury found appellant guilty.

### Discussion

 In his sole issue, appellant contends that he was denied his right to a unanimous verdict because the trial court charged the jury in the disjunctive, i.e., the charge permitted a general verdict of guilty if jurors found that he had caused the penetration of complainant's sexual organ either by his finger or an unknown object. The parties generally agree regarding the legal underpinnings of this

issue. Verdict unanimity is required in felony criminal cases. TEX. CONST. art. V, § 13; TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon Supp.2005). Generally, charging the jury disjunctively on alternative theories, or manner and means, of committing the same offense does not violate the unanimity requirement. *Martinez v. State,* 129 S.W.3d 101, 103 (Tex.Crim.App.2004). On the other hand, charging a jury disjunctively on separate offenses involving separate incidents does violate the unanimity requirement. *Id.; Hendrix v. State,* 150 S.W.3d 839, 845 (Tex.App.—Houston [14th Dist.] 2004, pet. ref'd). Appellant contends that the jury charge presented separate offenses in the disjunctive and not merely alternative theories of committing the same offense. We disagree.

The Penal Code section criminalizing aggravated sexual assault against a child provides that

(a) A person commits an offense:

(1) if the person:

. . .

(B) intentionally or knowingly:

(i) causes the penetration of the anus or sexual organ of a child by any means;

(ii) causes the penetration of the mouth of a child by the sexual organ of the actor;

(iii) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;

(iv) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or

(v) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor; and

(2) if:

. . .

(B) the victim is younger than 14 years of age . . . .

TEX. PEN. CODE ANN. § 22.021(a) (Vernon Supp.2005).

In *Vick v. State,* the Court of Criminal Appeals held that the Legislature intended each separately described act proscribed by Penal Code section 22.021 to constitute a separate statutory offense. 991 S.W.2d 830, 832–33 (Tex.Crim.App.1999). Consequently, "[a]n offense is complete when a person commits any one of the proscribed acts." *Id.* In the years since *Vick* was issued, several courts, including this one, have reversed convictions for aggravated sexual assault of a child because the jury charge instructed the jury on separate 22.021 offenses in the disjunctive. *See, e.g., Carty v. State,* 178 S.W.3d 297, 302–03 (Tex.App.—Houston [1st Dist.] 2005, pet. filed); *Tyson v. State,* 172 S.W.3d 172, 178–79 (Tex.App.—Fort Worth 2005, pet. ref'd); *Hendrix,* 150 S.W.3d at 848–49; *Clear v. State,* 76 S.W.3d 622, 623–24 (Tex. App.—Corpus Christi 2002, no pet.); *see also Martinez v. State,* 190 S.W.3d 254, 258-263 (Tex.App.—Houston [1st Dist.] 2006, no pet. h.) (holding trial court erred in submitting separate offenses disjunctively but that such error did not cause defendant egregious harm). The reasoning behind these opinions is that when a charge includes separate offenses in the disjunctive, it is possible that six jurors could convict the defendant on the first charged offense (while believing he was innocent of the second offense), and the other six jurors could convict him of the second offense (while believing he was innocent of the first). *E.g., Hendrix,* 150 S.W.3d at 847 (citing *Francis v. State,* 36 S.W.3d 121, 125 (Tex.Crim.App.2000)). Such an outcome would run afoul of the unanimous verdict rule. *Id.* at 847–49.

The present case is distinguishable from that line of cases. Here, the trial court's

charge clearly instructed the jury disjunctively on different manner or means of committing a single offense, not on different offenses. We first note that the conduct charged—penetration by finger or unknown object—implicates only one subsection of section 22.021: subsection (a)(1)(B)(iii). TEX. PEN. CODE ANN. § 22.021(a)(1)(B)(iii). That subsection criminalizes "penetration of the anus or sexual organ of a child by any means." *Id.* In *Vick*, the court emphasized that the conduct alleged in the disjunctive required separate and distinct actions by the defendant. 991 S.W.2d at 833; *see also Tyson*, 172 S.W.3d at 178. Here, the disjunctively submitted allegations, penetration by finger or penetration by unknown object, did not necessarily refer to separate and distinct actions.

More importantly, there was no evidence presented at trial or allegations made by the State that there were multiple incidents of penetration. The testimony of Eugenia White, complainant's mother, suggested that the time period in which the assault occurred was very brief. Doctor Bloss testified that the injuries to complainant's vagina resulted from penetration by a blunt object that was larger than the opening, which could have been but was not necessarily restricted to an erect penis, thumb, or broom handle. Furthermore, in neither his opening statement nor in his closing argument did the prosecutor allege that appellant committed more than one offense concerning penetration of complainant's vagina. In each of the cases listed above, the evidence pointed to more than one incident of assaultive conduct and more than one incident was alleged. *See*

*Martinez*, 190 S.W.3d at 256 (discussing evidence describing numerous offenses and holding that the disjunctive paragraphs addressed different criminal acts); *Carty*, 178 S.W.3d at 300–01 (listing testimony regarding each disjunctively charged assaultive action); *Tyson*, 172 S.W.3d at 174–75, 178 (discussing evidence regarding each disjunctively charged assaultive action and stating that each count "alleged different, specific instances of conduct"); *Hendrix*, 150 S.W.3d at 861 (Hudson, J., concurring) (stating that the evidence showed numerous assaults)[1]; *Clear*, 76 S.W.3d at 623 ("In this case evidence was presented with respect to each of the offenses that was charged in the disjunctive."). In other words, in the prior cases, the disjunctive phrases referenced, or appeared to reference, separate conduct and separate offenses. Here, the disjunctive phrases reference different means (a finger or unknown object) by which the single offense may have been perpetrated. Accordingly, we find that this charge did not violate the unanimous verdict rule. *See Martinez*, 129 S.W.3d at 103. Appellant's sole issue is overruled.

We affirm the trial court's judgment.

---

1. The majority opinion in *Hendrix* does not include sufficient factual detail to determine the exact nature of the evidence regarding the charged offenses, but it does state that the charge submitted distinct means of penetration as well as sexual organ to sexual organ contact. 150 S.W.3d at 848–49. Here, the charge did not submit necessarily distinct conduct. Based on the evidence and argument, penetration by finger and penetration by unknown object referenced only one act of penetration.