Josias Ramirez VALDEZ, Appellant,

v.

STATE of Texas, Appellee.

No. 11–05–00046–CR.

Court of Appeals of Texas, Eastland.

July 27, 2006.

E. Matthew Leeper Jr., Houston, for appellant.

Charles Rosenthal, Jr., District Attorney, Angela Weltin, Constance Chi Spence, Asst. Dist. Atty's, Houston, for appellee.

Panel consists of: WRIGHT, C.J., and McCALL, J., and STRANGE, J.

## OPINION

RICK STRANGE, Justice.

Josias Ramirez Valdez was charged with aggravated sexual assault of a child under the age of fourteen years. The jury found Valdez guilty, sentenced him to thirty-five years confinement in the Texas Department of Criminal Justice–Institutional Division, and fined him $10,000. We find no error and affirm.

### I. *Background Facts*

On October 6, 2003, Norma Solis and her mother were in their car in the parking lot of an apartment complex when they heard a little boy screaming and saw him coming toward them. The boy's hands were tied, and he appeared scared. Solis took him to her brother's apartment. He told her that his name was J.V. and that his father had tied him to the stair rail. J.V.'s wrists were tied so tightly that they were turning purple. He had a mixture of

old and recent marks and scabs on his back.

Solis called the police. Officer Damon Richardson responded to the call. He saw Valdez entering an apartment as he was exiting his car. Valdez came back to Officer Richardson and said, "What? What?" Officer Richardson disregarded Valdez at the time because he was looking for an injured child. After speaking to J.V., Officer Richardson realized that Valdez might be J.V.'s father. Officer Richardson spoke with Valdez. Valdez told him that his son was lost. Officer Richardson advised him that his son had been located and that his son claimed Valdez had assaulted him. Officer Richardson asked for permission to search Valdez's residence. Valdez consented. Officer Richardson took J.V. with him. J.V. had described a wooden board that he claimed Valdez used to beat him. Valdez denied having such a board. J.V. went directly upstairs and retrieved it from under a bed. J.V. also showed the police where he had been tied.

The police noticed bruising all over J.V.'s body. J.V. showed the officers his bruises but did not complain of any injury to his buttocks or genitalia. He was taken to Texas Children's Hospital where he was treated in the hospital's psychiatric department for seven days. He was then placed in a foster home with Maritza Martinez. J.V. never told Martinez that he had been sexually abused, but she began to suspect abuse because of J.V.'s behavior. She asked for a psychiatric consult and shared her concern with J.V.'s CPS caseworker, Abel Zamora.

J.V. subsequently told Zamora that his dad had abused him. J.V. was taken to the Children's Assessment Center for evaluation and was interviewed by Claudia Mullin. J.V. told her that one afternoon his dad had touched his "pee" and his "pompies" with his hand. These were identified as J.V.'s penis and anus. He said his dad dressed him in a dress and put lipstick on him. He later took his and J.V.'s clothes off, laid J.V. down on the floor on his stomach, and put his hand inside J.V.'s bottom. He then turned J.V. over and played with his genitalia. Dr. Rebecca Girardet examined J.V. on February 19, 2004. She did not find any physical evidence of abuse but indicated that a majority of the children who allege abuse have a normal exam. J.V. did not report any sexual abuse to her.

J.V. testified at trial. He was six years old at the time of the alleged incident and seven at the time of trial. He described being hit with a board, being tied to a stair rail, and then being left alone. J.V. testified that he was able to untie himself using his teeth. He also testified that his dad touched him in some places that he did not like. J.V. described being dressed in girl's clothes and having makeup applied to his face. He told the jury that his dad took him to his bedroom. His dad then undressed himself and J.V. His dad laid on top of him, and he felt something hard in the inside of his bottom. He also testified that his dad touched his genitalia and kissed him on the mouth.

## II. *Issues*

Valdez challenges his conviction with two issues. Valdez argues first that he was denied the right to a unanimous verdict because the jury charge submitted three separate offenses in the disjunctive and second that he was denied effective assistance of counsel because his trial attorney did not object to the charge.

## III. *Standard of Review*

When analyzing a jury-charge issue, we must first decide whether error exists. *Middleton v. State,* 125 S.W.3d 450, 453 (Tex.Crim.App.2003). If so, we

analyze that error for harm. The degree of harm necessary depends upon whether the error was preserved by objection. If the defendant properly objected to the charge, some harm requires reversal. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1985). If the defendant did not object to the charge, reversal is not required unless the record shows egregious harm to the defendant. *Id.*

 Egregious harm requires more than mere theoretical harm. Errors that result in egregious harm are those that affect the very basis of the case, deprive a defendant of a valuable right, or vitally affect a defensive theory. *Ngo v. State*, 175 S.W.3d 738, 750 (Tex.Crim.App.2005).

When considering ineffective assistance claims, we apply a two-prong standard. A defendant must first demonstrate that his trial counsel's performance was deficient. This requires showing that counsel made errors so serious that he was not functioning as guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires proof that counsel's errors were so serious as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## IV. *Discussion*

The State charged Valdez with aggravated sexual assault of a child under the age of fourteen years pursuant to Tex. Pen.Code Ann. § 22.021 (Vernon Supp.

2005).[1] The indictment alleged in three separate paragraphs that on or about October 1, 2003, Valdez did:

> [I]ntentionally and knowingly cause the penetration of the ANUS of [J.V.] hereinafter called the Complainant, a person younger than fourteen years of age and not the spouse of the Defendant, by placing HIS SEXUAL ORGAN in the ANUS of the Complainant.

> [I]ntentionally and knowingly cause the anus of [J.V.], a person younger than fourteen years of age and not the spouse of the Defendant, to contact the SEXUAL ORGAN of the DEFENDANT.

> [I]ntentionally and knowingly cause the penetration of the ANUS of [J.V.] hereinafter called the Complainant, a person younger than fourteen years of age and not the spouse of the Defendant, by placing HIS FINGER in the ANUS of the Complainant.

During closing argument, the prosecutor said:

> We talked about the date, October 1st, 2003. You all know that that specific date is not what is important. Y'all know that it is not a specific date, but it is on or about. You also have the elements of how this happened, the three different ways that the sexual assault was alleged. We talked to you about that. Finger, penetration. Talked to you about sexual organ, contact or touch, and then sexual organ penetration.

1. This statute provides in pertinent part:

 (a) A person commits an offense:
 (1) if the person:
 . . . .
 (B) intentionally or knowingly:
 (i) causes the penetration of the anus or sexual organ of a child by any means;
 (ii) causes the penetration of the mouth of a child by the sexual organ of the actor;
 (iii) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;
 (iv) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or
 (v) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor.

Regarding these three things, that is not something that you all have to agree on. First, you jurors can agree that it was finger penetration. Second you can agree that it is the sexual organ touching. One of you may think it was the penetration of the sexual organ. The rest of you may think all three happened. It does not matter as far as y'all agreeing on which one happened. What is important is that you believe that sexual abuse occurred. That's what you must find.

Valdez's trial counsel did not object to this argument but responded:

If they were so certain about their case, would they give you three different ways to convict him? Pick your one of the three? Or would they give you one solid one and say, go back there because this is what we've got and we've proven it to you.

The court then instructed the jury:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 1st day of October, 2003, in Harris County, Texas, the defendant, Josias Ramirez Valdez, did then and there unlawfully, intentionally or knowingly cause the penetration of the anus of [J.V.] a person younger than fourteen years of age and not the spouse of the defendant, by placing his sexual organ in the anus of [J.V.]; or

If you find from the evidence beyond a reasonable doubt that on or about the 1st day of October, 2003, in Harris County, Texas, the defendant, Josias Ramirez Valdez, did then and there unlawfully, intentionally or knowingly cause the anus of [J.V.], a person younger than fourteen years of age and not the spouse of the defendant, to contact the sexual organ of the defendant; or

If you find from the evidence beyond a reasonable doubt that on or about the

1st day of October, 2003, in Harris County, Texas, the defendant, Josias Ramirez Valdez, did then and there unlawfully, intentionally or knowingly cause the penetration of the anus of [J.V.], a person younger than fourteen years of age and not the spouse of the defendant, by placing his finger in the anus of [J.V.], then you will find the defendant guilty as charged in the indictment.

■ Valdez argues that he was denied his right to a unanimous verdict as guaranteed by TEX. CONST. art. V, § 13 and TEX.CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon Supp.2005) because it is impossible to determine from the jury's general verdict upon which paragraph he was convicted. The State answers that appellant was not charged with separate offenses but alternative means of committing one offense.

■ The State can allege alternative legal theories for one offense in one indictment. *Hathorn v. State*, 848 S.W.2d 101, 113 (Tex.Crim.App.1992). If so, the State may obtain only one conviction based upon that indictment. The State can also join separate offenses in one indictment, as long as the offenses arise out of the same criminal episode. When the State charges an individual with different criminal acts, regardless of whether they constitute violations of the same or different statutory provisions, the jury must be instructed that it cannot return a guilty verdict unless it unanimously agrees upon the commission of any one of the criminal acts. *Francis v. State*, 36 S.W.3d 121, 125 (Tex.Crim. App.2000).

■ Section 22.021 is a conduct-oriented offense in which the legislature criminalized very specific conduct of several different types. *Vick v. State*, 991 S.W.2d 830, 832 (Tex.Crim.App.1999). Each separate-

ly described act constitutes a separate statutory offense. *Id.* at 833. For example, in *Vick,* the court held that allegations that the defendant caused the child's sexual organ to contact his mouth was a separate and distinct statutory offense from the alleged penetration of the child's sexual organ by the defendant's sexual organ. *Id.* In *Francis,* 36 S.W.3d at 124, the court held that touching the victim's breast and touching the victim's genitals were separate offenses.

Lower courts have applied these holdings to a variety of allegations under Section 22.021 and found that separate offenses had been alleged. In *Martinez v. State,* 190 S.W.3d 254, 258 (Tex.App.-Houston [1st Dist.] 2006, pet. ref'd), the court held that an allegation that the defendant caused his sexual organ to contact the minor's sexual organ was a separate offense from an allegation that he caused the minor's anus to contact his sexual organ. The San Antonio Court has held that contact and penetration of the victim's mouth and anus with the defendant's sexual organ were separate offenses. *In re M.P.,* 126 S.W.3d 228, 231 (Tex.App.-San Antonio 2003, no pet.). In *Carty v. State,* 178 S.W.3d 297, 302 (Tex.App.-Houston [1st Dist.] 2005, pet. ref'd), and *Clear v. State,* 76 S.W.3d 622, 624 (Tex.App.-Corpus Christi 2002, no pet.), the courts held that allegations that the defendant penetrated or contacted the minor's sexual organ with his sexual organ was a separate offense from the allegation that he penetrated the minor's sexual organ with his finger.

Lower courts have, however, identified two exceptions to the general rule that each allegation under Section 22.021 constitutes a separate offense. The first involves subsumed conduct. In *Tyson v. State,* 172 S.W.3d 172, 178 (Tex.App.-Fort Worth 2005, pet. ref'd), the court recog-

nized that Section 22.021 identifies different types of conduct which constitute separate offenses—even if they occur in the same transaction—except in cases in which one of the acts would necessarily be subsumed by another, such as contact and penetration. *See also Patterson v. State,* 152 S.W.3d 88, 92 (Tex.Crim.App.2004) (penile contact with mouth, genitals, or anus in the course of penile penetration is subsumed within the penetration offense); *Hendrix v. State,* 150 S.W.3d 839, 847–48 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd) (jury charge which submitted instances of penetration and contact occurring in the same transaction did not deprive the defendant of a unanimous verdict because all of the jurors who believed there was penetration necessarily also believed that antecedent contact had occurred).

The allegation that Valdez caused J.V.'s anus to contact his sexual organ is subsumed with the allegation that he penetrated J.V.'s anus with his sexual organ. Every juror who believed that Valdez penetrated J.V.'s anus necessarily believed that the antecedent contact had occurred. *See Hendrix,* 150 S.W.3d at 847–48. Consequently, considering just these two allegations, there is no fear that different jurors agreed a crime had been committed but disagreed upon which one.

The second exception arises when the allegations involve a single incident—as opposed to a single transaction. In *Cook v. State,* 192 S.W.3d 115, 118 (Tex.App.-Houston [14th Dist.] 2006, no pet.), the court held that allegations that the defendant penetrated the minor's sexual organ with his finger or with an unknown object alleged two different means or manners of committing a single offense rather than two separate offenses. The court noted that both acts implicated the same statutory subsection, 22.021(a)(1)(B)(iii), and that

the state's case was based upon only one incident of penetration. *Id.* at 118.

Courts have scrutinized jury charges in Section 22.021 cases to avoid the possibility that the jury agreed the statute had been violated but disagreed about which proscribed conduct had occurred. The concern is that a charge with separate offenses in the disjunctive would allow six jurors to believe the defendant was guilty of the first but not the second charged offense and would allow the other six to believe that he was guilty of the second but not the first charged offense. *Cook*, at 118. In that instance, the defendant would be convicted with less than a unanimous verdict.

When the defendant is alleged to have contacted or penetrated separate parts of the victim's body, such as the victim's breast and genitals in *Francis*, 36 S.W.3d 121, the concern for a unanimous verdict is more apparent. Unlike allegations of subsumed conduct, the belief that the defendant contacted or penetrated one body part does not require the jury to conclude he did so to the other. That concern is not present here because Valdez could only be convicted if the jury determined he assaulted J.V.'s anus. The indictment alleged that Valdez penetrated J.V.'s anus with his finger or sexual organ or caused J.V.'s anus to contact his sexual organ. J.V. testified that his father also touched his genitalia. But Valdez was not indicted for this, there was no reference to it in the charge, and the prosecution did not urge this as a basis for Valdez's conviction. The jury could not, therefore, divide over whether Valdez assaulted one body part or the other but necessarily had to agree that Valdez contacted or penetrated J.V.'s anus to return a guilty verdict.

▮ The charge, however, also instructed the jury to return a guilty verdict if it believed Valdez penetrated J.V.'s anus

with his finger or sexual organ. As discussed above, two lower courts have determined these are separate acts and, therefore, separate offenses. *See Carty,* 178 S.W.3d 297; *Clear,* 76 S.W.3d at 622.

In *Clear,* the charge instructed the jury to return a guilty verdict if it determined that the defendant penetrated the child's sexual organ with his finger or sexual organ. The State confessed error, relying on *Francis,* 36 S.W.3d 121. Consequently, the court did not reach the issue we must decide. In *Carty,* 178 S.W.3d 297, the charge was similar to the one used in this case. The jury was allowed to convict the defendant if it found that he placed his sexual organ in contact with the minor's sexual organ, if it found that he penetrated her sexual organ with his finger, or if he penetrated her sexual organ with his own. *Id.* at 301.

The Fourteenth Court recently distinguished *Carty,* noting that it involved allegations of more than one incident of assaultive conduct. *Cook,* at 118. In *Carty,* the defendant was indicted for assaults which allegedly took place on two separate dates. The victim testified that on both occasions the defendant touched and penetrated her sexual organ with his own and that he also touched her sexual organ with his middle and index fingers. The jury charge separated the incidents by date but not by the acts which allegedly occurred on each date.

We believe *Cook* and its single incident exception is consistent with the Texas Court of Criminal Appeals's decisions in both *Francis* and *Vick.* In those cases, the defendant's alleged conduct could be clearly distinguished between separate criminal acts as opposed to multiple means for committing the same offense. In *Vick,* 991 S.W.2d 830, the alleged conduct involved different body parts and different subsec-

tions of Section 22.021. The court's analysis highlighted the fact that penetrating a child's sexual organ with a defendant's sexual organ is a separate and distinct act from causing the child's sexual organ to contact the defendant's mouth. *Id.* at 833. In *Francis*, 36 S.W.3d 121, the defendant was accused of four acts of indecency with a child. The acts occurred at different times and dates. In both *Francis* and *Vick*, evidence establishing one alleged act would not prove the other. Therefore, the jury could divide over whether one or the other occurred.

■■■ Valdez did not face accusations of multiple or separate acts of penetration or contact. The indictment alleged the assault occurred on one date. J.V.'s testimony described a single incident of anal contact or penetration. Section 22.021(a)(1)(B)(i) makes it an offense to penetrate a child's anus by any means. J.V. did not describe with what Valdez penetrated his anus but simply explained that he felt something hard inside his bottom. Under the evidence in this case, Valdez's right to a unanimous verdict was not denied. A jury must unanimously agree on each element of an offense to convict but need not agree on all of the underlying facts that make up that element. *Richardson v. United States*, 526 U.S. 813, 817, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). The evidence described one assaultive incident. To return a guilty verdict, the jury was necessarily required to unanimously agree that this incident took place.[2] While the jurors may have disagreed over whether Valdez used a finger or his sexual organ, that would not allow the jury to divide over which crime was committed, since either is sufficient to establish a violation of Section 22.021(a)(1)(B)(i).

Valdez's first issue is overruled. In light of this holding, it is unnecessary for us to reach his second issue.

## V. *Holding*

The judgment of the trial court is affirmed.

---

**2.** This situation is not dissimilar to *Martinez*, 190 S.W.3d 254. In that case, the defendant was accused of sexual contact with the victim's sexual organ and anus. The court found that these were separate offenses but, when evaluating harm, concluded that, in light of the evidence and arguments of counsel, individual jurors would have either found that the defendant committed both acts or neither. *Id.* at 261.