NUMBER 13-06-393-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOSE LUIS RODRIGUEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 93rd District Court 

of Hidalgo County, Texas

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza 


Memorandum Opinion by Justice Rodriguez



Memorandum Opinion


 Appellant, Jose Rodriguez, was charged by indictment with one count of the
second degree felony of indecency with a child. Rodriguez pleaded not guilty and
proceeded to trial by jury which found Rodriguez guilty and assessed punishment at
ten years in the Institutional Division of the Texas Department of Criminal Justice,
with a recommendation that he be placed on community supervision. Tex. Penal
Code Ann. § 21.11 (a)(1) (Vernon 2003). The trial court sentenced Rodriguez to ten
years in prison, suspended for a term of five years of community supervision. By four
issues, Rodriguez complains that the jury charge contained egregious error, his trial
counsel was ineffective, and he was denied his right to a jury trial as contemplated
by the Sixth Amendment. We affirm.

I. Jury Charge

 By his first issue, Rodriguez contends that the jury charge contained egregious
error because it allowed for a conviction that was not unanimous. We disagree.

A. Standard of Review

 An appellate court's "first duty" in analyzing a jury charge issue is "to decide
whether error exists." Ngo v. State, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If
error is found, the degree of harm necessary for reversal depends on whether the
appellant preserved the error by objection. Olivas v. State, 202 S.W.3d 137, 144 (Tex.
Crim. App. 2006). If the defendant properly objected to the erroneous jury charge,
reversal is required if we find "some harm" to the defendant's rights. Olivas, 202
S.W.3d at 144; Ngo, 175 S.W.3d at 743. However, if the defendant did not object or
stated that he had no objection to the jury charge, we may only reverse if the record
shows egregious harm. Olivas, 202 S.W.3d at 144; Ngo, 175 S.W.3d at 743-44.

B. Applicable Law

 When the State charges different criminal acts, regardless of whether those
acts constitute violations of the same or different statutory provisions, the jury must
be instructed that it cannot return a guilty verdict unless it unanimously agrees upon
the commission of any one of these criminal acts. Ngo, 175 S.W.3d at 744. 
"Unanimity in this context means that each and every juror agrees that the defendant
committed the same, single, specific criminal act." Id. at 745. "[C]harging a jury
disjunctively on separate offenses involving separate incidents does violate the
unanimity requirement." Cook v. State, 192 S.W.3d 115, 118 (Tex. App.--Houston
[14th Dist.] 2006, no pet.) (citing Martinez v. State, 129 S.W.3d 101, 103 (Tex. Crim.
App. 2004)).

 Unanimity differs from election error. Generally, "where evidence of multiple
occurrences of the acts alleged in the indictment are presented at the trial," upon
request of the defendant, the State must elect "which of the instances of the charged
acts it will rely on for purposes of conviction." Mayo v. State, 17 S.W.3d 291, 298
(Tex. App.-Fort Worth 2000, pet. ref'd) (citing Scoggan v. State, 799 S.W.2d 679, 680
n.3 (Tex. Crim. App. 1990)). However, where the accused does not make a motion
to elect, the State is not required to make that election and no error is implicated. 
Mayo, 17 S.W.3d at 298; see Scoggan, 799 S.W.2d at 680 n.3; O'Neal v. State, 746
S.W.2d 769, 770 n.3 (Tex. Crim. App. 1988).

C. Analysis

 Rodriguez argues that the jury charge is erroneous because it does not allow
for a unanimous jury. This argument is based on R. M.'s testimony of three separate
and distinct instances of sexual contact: (1) Rodriguez touched R. M.'s penis and
testicles before R. M. went into the pool; (2) Rodriguez pulled on R. M.'s penis after
he took a shower; and (3) Rodriguez again touched R. M.'s penis and testicles at a
vacant house. The State argues that there is no unanimity problem in the jury charge
because, in this case, the State charged Rodriguez with only one statutory offense,
indecency with a child, and alleged that he committed that offense in only one
way--by touching the victim's genitals.

 The "Charge of The Court" read, in pertinent part, as follows:

 Our law provides that a person commits an offense if, with a child
younger than seventeen (17) years of age and not his spouse, whether
the child is of the same or opposite sex, the person engages in sexual
contact with the child.


 By the term "sexual contact," as used herein, is meant any
touching by a person, including touching through clothing, any part of the
genitals of a child.


 . . .


 [I]f you find from the evidence beyond a reasonable doubt that on
or about July 31, 2004, in Hidalgo County, Texas, the Defendant Jose
Luis Rodriguez, did then and there engage in sexual contact with [R.
M.], the victim, a child younger than 17 years and not the spouse of
defendant by then and there touching part of the genitals of the victim,
[R. M.], with intent to arouse or gratify the sexual desire of the
Defendant, then you will find the Defendant guilty of the offense of
Indecency With A Child as charged in the indictment.


 Unless you so find beyond a reasonable doubt, or if you have a
reasonable doubt thereof, you will find the Defendant not guilty. 


 Apparently relying on Francis v. State, 36 S.W.3d 121 (Tex. Crim. App. 2000),
Rodriguez argues that some jurors could have believed that the alleged acts only
occurred at the vacant house, while others may have believed the alleged acts only
occurred at the house with the pool. See id. at 125 (reversing where a one-count
indictment charged defendant with indecency with a child, but alleged two different
offenses--touching of breasts and genitals). Thus, Rodriguez asserts that the jury
convicted him, not because a single alleged criminal act was proved beyond a
reasonable doubt, but that because all of the alleged criminal acts together convinced
the jury that Rodriguez was guilty.

 In Francis, the charge allowed the jury to find the defendant guilty of indecency
with a child if it determined that the defendant had engaged in sexual contact by
touching "the breast or genitals of [the] victim." 36 S.W.3d at 122. The court of
criminal appeals concluded that submission of two separate offenses in the
disjunctive (touching the breast and touching the genitals) was error because it was
conceivable that some members of the jury found Rodriguez guilty of touching the
child's breast, while others found Rodriguez guilty of touching the child's genitals. Id.
at 125.

 However, in this case, unlike Francis, Rodriguez was not charged with two
separate offenses in the disjunctive. Here, the State introduced evidence of three
instances of the same act as proof that Rodriguez committed one charged
offense--indecency with a child by sexual contact of the genitals. Moreover, because
evidence of multiple occurrences of the acts alleged in the indictment was presented
to the trial court, Rodriguez was required to request election from the State. See
Mayo, 17 S.W.3d at 298; see also Rodriguez v. State, 104 S.W.3d 87, 91 (Tex. Crim.
App. 2003) (setting out that evidence of multiple occurrences of acts alleged in the
indictment is not evidence of extraneous offenses and Rodriguez's remedy is to
require the State to elect on which occurrence it relies for conviction). Without a
request from Rodriguez to elect "which of the instances of the charged acts it [would]
rely on for purposes of conviction," the State was not required to make that election. 
See Mayo,17 S.W.3d at 298.

 Rodriguez, citing Dixon v. State, 201 S.W.3d 731, 739 (Tex. Crim. App. 2006),
argues that "the jury charge did not inform the jury on the constitutional necessity of
unanimously finding one specific incident proven beyond a reasonable doubt in order
to reach a conviction." However, Dixon does not support Rodriguez's contention,
because in Dixon the defendant requested an election by the State and here,
Rodriguez did not. See id. Therefore, the State, in this case, was not required to
elect which instances of the charged acts it was relying on for purposes of conviction. 
See Mayo, 17 S.W.3d at 298; see also Scoggan, 799 S.W.2d at 680 n.3; O'Neal, 746
S.W.2d at 770 n.3. Furthermore, the charge did instruct the jury that the verdict must
be unanimous as to the offense charged in the indictment. See Ngo, 175 S.W.3d at
745. We conclude that the jury charge did not contain error as alleged by Rodriguez,
therefore, we need not conduct a harm analysis. See Ngo, 175 S.W.3d at 743. 
Rodriguez's first issue is overruled.


II. Ineffective Assistance of Counsel

 In his second and third issues, Rodriguez complains that his trial counsel
rendered ineffective assistance of counsel by "not ensuring that an extraneous
offense instruction was included in the jury charge" and by "not requiring that the
State elect which alleged incident it was relying upon for a unanimous conviction."

A. Standard of Review

 We determine whether counsel's representation was so deficient that it violated
Rodriguez's Sixth Amendment right to counsel, by applying the Strickland two-pronged
test. Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); see Strickland
v. Washington, 466 U.S. 668, 687 (1984); Jayners v. State, 216 S.W.3d 839, 851 (Tex.
App.--Corpus Christi 2006, no pet.). To prevail in an ineffective assistance of
counsel claim, an appellant must prove by a preponderance of the evidence (1)
deficient performance and (2) prejudice. Busby v. State, 990 S.W.2d 263, 268 (Tex.
Crim. App. 1999) (citing Strickland, 466 U.S. at 687). The first prong of the Strickland
test requires that Rodriguez show that counsel's representation fell below an objective
standard of reasonableness. Strickland, 466 U.S. at 687; Thompson v. State, 9 S.W.3d
808, 812 (Tex. Crim. App. 1999). Under the second prong, Rodriguez must show that
there is a reasonable probability that, but for, counsel's errors, the result would have
been different. Strickland, 466 U.S. at 687, 694; Thompson, 9 S.W.3d at 812;
Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).

 An allegation of ineffective assistance of counsel must be firmly founded in the
record affirmatively showing the alleged ineffectiveness. Goodspeed, 187 S.W.3d at
392; Guzman v. State, 923 S.W.2d 792, 797 (Tex. App.-Corpus Christi 1996, no pet.). 
There is a strong presumption that counsel acted reasonably when the record is silent
regarding the motivation of counsel's tactical or strategic decisions. Mallet v. State,
65 S.W.3d 59, 63 (Tex. Crim. App. 2001). A record which does not include counsel's
explanation for his conduct is insufficient to overcome the presumption of
reasonableness. Goodspeed, 187 S.W.3d at 392.

B. Analysis

 In this case, the record is silent regarding the motivation of counsel's tactical
or strategic decisions regarding the challenged conduct. See Mallet, 65 S.W.3d at 63. 
We find no basis for concluding that counsel's representation fell below an objective
standard of reasonableness, because a record which does not include counsel's
explanation for his conduct is insufficient to overcome the presumption of
reasonableness. Goodspeed, 187 S.W.3d at 392. Therefore, Rodriguez has not
satisfied the first prong of the Strickland test, and we need not consider the second
prong. See Strickland, 466 U.S. at 687. We overrule Rodriguez's second and third
issues. (1)

IV. Right to Jury Trial

 In his fourth issue, Rodriguez contends that he was denied the right to a jury
trial as contemplated by the Sixth Amendment to the United States Constitution. U.S.
Const. amend. VI. Without developing this constitutional issue further, see Tex. R.
App. P. 38.1(h), Rodriguez refers this Court to arguments made in support of his first
three issues. We have overruled Rodriguez's first three issues. We, likewise,
overrule Rodriguez's fourth issue. See Tex. R. App. P. 47.1.

V. Conclusion

 Accordingly, we affirm.

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 28th day of February, 2008.
1. Rodriguez is not without a potential remedy, even though his direct appeal is unsuccessful. 
Rodriguez may raise a claim such as ineffective assistance of counsel, which requires the development of
a record to substantiate, in an application for writ of habeas corpus. See Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon 2005); Ex parte Rich, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006); Ex parte Varelas, 45
S.W.3d 627, 630 (Tex. Crim. App. 2001); Cooper v. State, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001); Ex parte
Torres, 943 S.W.2d 469, 476 (Tex. Crim. App. 1997). An application for writ of habeas corpus relief would
"provide an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale
behind counsel's actions at . . . trial." Thompson v. State, 9 S.W.3d 808, 814-15 (Tex. Crim. App. 1999).