Opinion filed April 28,
2011

 

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00091-CR 

                                                    __________

 

                          ANTHONY
LAMONT HATTER, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 297th District Court

 

                                                          Tarrant
County, Texas

 

                                                  Trial
Court Cause No. 1133557R 

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The
jury convicted Anthony Lamont Hatter of one count of sexual assault of a child
(Count One), one count of indecency with a child (Count Two), one count of
sexual performance by a child (Count Three), and one count of possession with
intent to promote child pornography (Count Four).  The jury assessed
appellant’s punishment for each offense at confinement for twenty years and a
fine of $10,000.  The trial court sentenced appellant accordingly and ordered
that the sentences for Counts One, Three, and Four run concurrently with each
other and that the sentence for Count Two run consecutively to the sentences
for Counts One, Three, and Four.  We affirm.

Issues
on Appeal

            Appellant
presents seven issues for review.  In his first three issues, he contends that
the jury charge erroneously permitted the jury to convict him with a less-than-unanimous
verdict on Counts One and Two.  In his fourth and fifth issues, he contends
that the evidence was legally and factually insufficient to support his
conviction on Counts Three and Four because the evidence was insufficient to
prove that he knew Jackson was under the age of eighteen years.  In his sixth
and seventh issues, he contends that his convictions for sexual assault in
Count One and for indecency with a child in Count Two violate the double
jeopardy clauses of the federal and state constitutions.

The
Indictment

            Count
One of the indictment alleged that, on or about November 30, 2005, appellant
intentionally or knowingly caused the sexual organ of Maria Jackson,[1]
who was a child younger than seventeen years of age and who was not appellant’s
spouse, to contact appellant’s penis.  Paragraph two of Count One alleged that,
on or about November 30, 2005, appellant intentionally of knowingly caused the
penetration of Jackson’s sexual organ by inserting his penis into her sexual
organ.

            Count
Two alleged that, on or about November 30, 2005, appellant intentionally, with
the intent to arouse or gratify his sexual desire, engaged in sexual contact by
touching Jackson’s genitals.

            Count
Three alleged that, on or about November 30, 2005, appellant intentionally or
knowingly employed, authorized, or induced Jackson, who was a child younger
than eighteen years of age, to engage in the sexual performance of engaging in
sexual contact with appellant while being videotaped.

            Count
Four alleged that, on or about November 30, 2005, appellant intentionally or knowingly
promoted, by manufacturing a videotape, visual material depicting Jackson, who
was a child younger than eighteen years of age, engaging in sexual intercourse.




 

The
Evidence at Trial

            The
record shows that Jackson was born in November 1989.  G.L.[2]
is Jackson’s mother.  In 2005, G.L. and her children lived at the Lakeview
Apartments in Lake Worth, Texas. Appellant and his family were next-door
neighbors to G.L. and her family.  Appellant’s wife, Lashayelle Banks Hatter,
testified that, in June 2006, she found a videotape showing appellant having
sexual intercourse with Jackson.  Hatter showed the videotape to G.L. and then reported
it to the police.  Jackson was fifteen years old when the tape was made.  At
that time, she was a sophomore in high school.

            Jackson
testified that she and her boyfriend bought marihuana from appellant.  Jackson
said that appellant was aware of her age and that he knew she was a sophomore
in high school.  She said that she occasionally bought marihuana from appellant
by herself.  Jackson testified that, on one such occasion, appellant asked her
to have sex with him and that they then had sex in appellant’s bedroom.  She
said that this incident occurred before the date of her sixteenth birthday,
which was in November 2005.  Jackson said that appellant’s penis penetrated her
sexual organ.  She said that appellant touched her sexual organ with his
fingers and that he was “touching it, rubbing it, feeling.”  Jackson testified
that, about two weeks later, she called appellant and asked him for a ride to
school.  She said that she went to appellant’s apartment and that she and
appellant again had sex in his bedroom.  She said that, on this occasion, appellant’s
penis penetrated her sexual organ.  She also said that appellant did not touch
her with his hand or fingers on this occasion.  Jackson said that, after she and
appellant finished having sex, appellant gave her a ride to school.

            Jackson
testified that she had seen the videotape showing her and appellant having
sexual intercourse.  She said that the tape shows the first time that she had
sex with appellant.  Jackson said that appellant did not ask her for permission
to make the tape and that she did not know appellant made the recording.  Jackson
said that she learned about the tape from her mother.  The tape was introduced
into evidence, and a DVD copy of the tape was played for the jury.

Jury
Charge Issues

When
analyzing a jury charge issue, we must first decide whether error exists.  Middleton v.
State, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003); Valdez v. State,
211 S.W.3d 395, 397 (Tex. App.—Eastland 2006, no pet.).  If error exists, we
analyze that error for harm.  When, as here, a defendant fails to object to the
charge, the reviewing court will not reverse unless the error was so egregious,
and created such harm, that the defendant has not had a fair trial.   Warner
v. State, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008); Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985); Martinez v. State, 190 S.W.3d
254, 259 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).  To satisfy the
egregious harm standard, the record must show that a defendant has suffered
actual, rather than merely theoretical, harm from the jury instruction error.  Almanza,
686 S.W.2d at 174; Martinez, 190 S.W.3d at 259.  Errors that result in
egregious harm are those that affect the very basis of the case, deprive a
defendant of a valuable right, or vitally affect a defensive theory.  Ngo v.
State, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005); Valdez, 211
S.W.3d at 398.

Texas
law requires a unanimous jury verdict in felony criminal cases. Tex. Const. art. V, § 13; Stuhler
v. State, 218 S.W.3d 706, 716 (Tex. Crim. App. 2007); Ngo, 175
S.W.3d at 745.  Unanimity in this context means that each and every juror
agrees that the defendant committed the same, single, specific, criminal act.  Ngo,
175 S.W.3d at 745.  When the State charges an individual with different
criminal acts, regardless of whether those acts constitute violations of the
same or different statutory provisions, the jury must be instructed that it
cannot return a guilty verdict unless it unanimously agrees upon the commission
of any one of the criminal acts.  Ngo, 175 S.W.3d at 744.  The unanimity
requirement is undercut when a jury risks convicting the defendant on different
acts, instead of agreeing on the same act for a conviction.  Francis v.
State, 36 S.W.3d 121, 125 (Tex. Crim. App. 2000).  

In
this case, the trial court did not instruct the jury that it had to unanimously
agree on the commission of one specific criminal act.  Instead, as in Ngo,
the word “unanimously” was used in the charge only in the “boilerplate” section
relating to selecting a jury foreman: “It is [the foreman’s] duty to preside at
your deliberations, vote with you, and when you have unanimously agreed upon a
verdict, to certify to your verdict by . . . signing the same as Foreman.”  See
Ngo, 175 S.W.3d at 745.           

Appellant
contends that the jury charge allowed his conviction on a less-than-unanimous
verdict on Count One (sexual assault of a child) and Count Two (indecency with
a child).  In his first issue, he argues that his right to a unanimous jury
verdict on Count One was violated by the trial court’s disjunctive submission
of two distinct sexual assault offenses.  In his second and third issues, he
argues that his right to unanimous jury verdicts on Counts One and Two was
violated by the trial court’s failure to instruct the jury that it could not
return a guilty verdict unless it unanimously agreed that appellant committed
one specific criminal act.  Appellant contends that such a unanimity
instruction was required on Counts One and Two because the State presented
evidence that appellant sexually assaulted Jackson on two different dates.      

In
Count One, the State charged appellant with sexual assault of a child younger
than seventeen years of age under Section 22.011 of the Penal Code.  Tex. Penal Code Ann. § 22.011 (Vernon
Supp. 2010).  Section 22.011(a)(2)(A) provides that a person commits an offense
if the person intentionally or knowingly “causes the penetration of the . . . sexual
organ of a child by any means.”  Section 22.011(a)(2)(C) provides that a person
commits an offense if the person intentionally or knowingly “causes the sexual
organ of a child to contact or penetrate the . . . sexual organ of another
person, including the actor.”  In this case, the first paragraph of Count One
of the indictment alleged a “contact” offense under Section 22.011(a)(2)(C),
and the second paragraph of Count One of the indictment alleged a “penetration”
offense under Section 22.011(a)(2)(A).                  

            In
his first issue, appellant contends that the trial court erred by charging the
“contact” offense and the “penetration” offense in the disjunctive.  The trial
court instructed the jury on Count One as follows:  

            Now, if
you find from the evidence beyond a reasonable doubt that on or about the 30th
day of November, 2005, in the County of Tarrant and State of Texas, [appellant]
did then and there intentionally or knowingly cause the sexual organ of
[Jackson], a child younger than 17 years of age who was not the spouse of
[appellant] to contact the penis of [appellant]; or if you find from the
evidence beyond a reasonable doubt that on or about the 30th day of
November, 2005, in the County of Tarrant and State of Texas, [appellant] did
then and there intentionally or knowingly cause the penetration of the female
sexual organ of [Jackson], a child younger than 17 years of age who was not the
spouse of [appellant], by inserting his penis into her female sexual organ,
then you will find [appellant] guilty of the offense of sexual assault as
charged in Count One of the indictment.

 

            Unless
you so find beyond a reasonable doubt, or if you have a reasonable doubt
thereof, you will acquit [appellant] of the offense of sexual assault as
charged in Count One of the indictment and say by your verdict “Not Guilty.”

 

Appellant
contends that, because the charge allowed a conviction if the jury found that
appellant caused Jackson’s sexual organ to contact his penis or that appellant
caused the penetration of Jackson’s sexual organ with his penis, the charge
permitted a conviction on a less-than-unanimous verdict.  Thus, appellant asserts
that the charge permitted the jury to convict him without reaching a consensus
as to which paragraph of Count One the State had proven beyond a reasonable
doubt.  However, an allegation of “penetration” of a sexual organ with the
penis overlaps an allegation of “contact” of the sexual organ with the penis because
penetration of the genitals necessarily includes contact.  Vick v. State,
991 S.W.2d 830, 834 n.2 (Tex. Crim. App. 1999); Santee v. State, 247
S.W.3d 724, 728 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  In such cases,
the “contact” allegation is subsumed within the “penetration” allegation.  Patterson
v. State, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004); Valdez, 211
S.W.3d at 400; Hendrix v. State, 150 S.W.3d 839, 848 (Tex. App.—Houston
[14th Dist.] 2004, pet. ref’d).  Thus, a jury that finds a defendant guilty of
penetration of a female’s sexual organ with his penis necessarily has
determined unanimously that the defendant contacted the female’s sexual organ
with his penis.  Santee, 247 S.W.3d at 728.

The
allegation that appellant caused Jackson’s sexual organ to contact his penis is
subsumed within the allegation that appellant caused the penetration of her
sexual organ with his penis.  Patterson, 152 S.W.3d at 92; Valdez,
211 S.W.3d at 400; Hendrix, 150 S.W.3d at 848.  The State presented
overwhelming evidence that appellant penetrated Jackson’s sexual organ with his
penis.  Based on the evidence, we conclude that all of the jurors would have
found that appellant penetrated Jackson’s sexual organ with his penis. 
However, for the purpose of our analysis, we will assume that some of the
jurors believed that appellant was guilty of penetration and the other jurors
believed he was guilty of contact but not penetration.  Every juror who
believed that appellant penetrated Jackson’s sexual organ also necessarily
believed that antecedent contact had occurred.  Valdez, 211 S.W.3d at
400.  Therefore, all the jurors necessarily agreed that contact had occurred. 
The trial court’s disjunctive submission of the “contact” and “penetration”
offenses did not result in the possibility of a non-unanimous verdict. 
Appellant’s first issue is overruled.  

Jackson
testified that appellant sexually assaulted her on two occasions.  She said
that the videotape depicted the first time that she had sex with appellant. 
She said that she had sex with appellant a second time about two weeks later. 
In his second issue, appellant contends that the trial court erred by failing
to instruct the jury that it could not return a guilty verdict unless it
unanimously agreed that he sexually assaulted her on one specific occasion.  Appellant
asserts that “it is highly likely that half of the jury convicted [him of
sexual assault] on the first incident and half convicted on the second
offense.”  The trial court erred by failing to instruct the jury on the
unanimity requirement.  Ngo, 175 S.W.3d 747-48.  Because the submission
of Count One did not include a unanimity instruction, the charge allowed for a
conviction on a less-than-unanimous verdict.  For example, as appellant
contends, the charge allowed for a conviction on Count One if six jurors
believed that appellant sexually assaulted Jackson on the first occasion and
the other six jurors believed that he sexually assaulted her on the second
occasion.

Having
found error, we must determine whether appellant suffered egregious harm from
that error.  To determine whether a defendant has sustained egregious harm, we
consider (1) the entire charge; (2) the state of the evidence, including
contested issues; (3) arguments of counsel; and (4) any other relevant
information.  Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App.
1996); Martinez, 190 S.W.3d at 259-60.  In this case, the State
presented overwhelming, uncontested evidence that appellant sexually assaulted
Jackson.  Jackson testified that she had sex with appellant on two occasions.  She
said that, on both occasions, appellant penetrated her sexual organ with his
penis.  She said that the videotape showed the first occasion that she had sex
with appellant.  A copy of the videotape was admitted into evidence and viewed
by the jury.  Based on the state of the evidence, we conclude that each of the jurors
would have found that appellant sexually assaulted Jackson on the first
occasion.  Jackson’s testimony that she had sex with appellant on the second
occasion was unchallenged.  Considering Jackson’s unchallenged testimony, we
conclude that each of the jurors also would have found that appellant sexually
assaulted her on the second occasion.  Thus, we cannot conclude that the error
in the jury charge actually denied appellant his right to a unanimous jury
verdict on Count One.  Martinez, 190 S.W.3d at 261-62.[3] 
The record does not show that appellant suffered actual harm from the error. 
Appellant’s second issue is overruled.

In
his third issue, appellant contends that the trial court erred by failing to
instruct the jury that it could not return a guilty verdict on Count Two
(indecency with a child) unless it unanimously agreed that appellant committed
one specific criminal act.  In Count Two, the State charged appellant with
indecency with a child under Section 21.11 of the Penal Code.  Tex. Penal Code Ann. § 21.11 (Vernon
Supp. 2010).  A person commits the offense of indecency with a child if he
engages in sexual contact with a child who is younger than seventeen years of
age.  Id. § 21.11(a)(1).  “Sexual contact” includes the act of “any
touching . . . of . . . any part of the genitals of a child” if “committed with
the intent to arouse or gratify the sexual desire of any person.”  Id. §
21.11(c)(1).  The indictment alleged that appellant engaged in sexual contact
by touching Jackson’s genitals.  The trial court instructed the jury on Count
Two as follows:

Now,
if you find from the evidence beyond a reasonable doubt that on or about the 30th
day of November 2005, in the County of Tarrant and State of Texas, [appellant]
did then and there intentionally, with the intent to arouse or gratify the
sexual desire of [appellant], engage in sexual contact by touching the genitals
of [Jackson], a child younger than 17 years and not the spouse of [appellant],
then you will find [appellant] guilty of the offense of indecency with a child
as charged in Count Two of the indictment.

 

Unless
you so find beyond a reasonable doubt, or if you have a reasonable doubt
thereof, you will acquit [appellant] of the offense of indecency with a child
as charged in Count Two of the indictment and say by your verdict “Not Guilty.”

 

Appellant asserts
that the charge allowed his conviction on a less-than-unanimous verdict on
Count Two because the State presented evidence of “two instances of sexual
contact” between him and Jackson.

            The
State did not present evidence that appellant touched Jackson’s genitals on two
occasions.  Jackson testified that appellant touched her genitals with his
fingers on the first occasion that they had sex.  She said that appellant was
“touching it, rubbing it, feeling.”  The “touching” is depicted in the
videotape.  Jackson said that appellant did not touch her sexual organ with his
hand or fingers the second time that they had sex.  Because the State presented
evidence of only one act of touching, the danger of a non-unanimous verdict on
Count Two did not exist.  Therefore, the trial court did not err by failing to
instruct the jury that it had to return a unanimous verdict on Count Two. 
Appellant’s third issue is overruled.

Sufficiency
of the Evidence on Counts Three and Four

            In
his fourth and fifth issues, appellant challenges the legal and factual
sufficiency of the evidence to support his convictions on Count Three (sexual
performance by a child) and Count Four (possession with intent to promote child
pornography).  See Tex. Penal Code
Ann. § 43.25 (Vernon Supp. 2010), § 43.26 (Vernon 2003).  Specifically,
appellant contends that the evidence was legally and factually insufficient to
establish that he knew Jackson was under the age of eighteen years.[4] 
We note at the outset of our analysis that the Texas Court of Criminal Appeals
has now held in Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010),
that there is “no meaningful distinction between the Jackson v. Virginia[5]
legal-sufficiency standard and the Clewis[6]
factual-sufficiency standard”; that the Jackson v. Virginia standard is
the “only standard that a reviewing court should apply in determining whether
the evidence is sufficient to support each element of a criminal offense that
the State is required to prove beyond a reasonable doubt”; and that “[a]ll
other cases to the contrary, including Clewis, are overruled.”  Brooks,
323 S.W.3d at 895, 902, 912 (footnotes added).  Accordingly, a challenge to the
factual sufficiency of the evidence is no longer viable.  We also note that
appellant did not have the benefit of the opinion in Brooks when this
case was briefed.  We will review appellant’s sufficiency challenges under the
legal sufficiency standard set forth in Jackson v. Virginia.  Under this
standard, we must review all of the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307; Brooks, 323 S.W.3d at 899.

            Jackson
testified that appellant was aware of her age.  She said that appellant knew
she was a sophomore in high school.  She also said that appellant gave her a
ride to school after they had sex the second time.  The evidence is legally
sufficient to establish that appellant knew Jackson was under the age of
eighteen years.  Appellant’s fourth and fifth issues are overruled.     

Double
Jeopardy

            In
his sixth and seventh issues, appellant contends that his convictions for
sexual assault in Count One and indecency with a child in Count Two violate the
double jeopardy clauses of the federal and state constitutions.  The Double Jeopardy
Clause of the Fifth Amendment to the United State Constitution provides that no
person shall “be subject for the same offense to be twice put in jeopardy of
life or limb.” U.S. Const. amend.
V.  Among the protections afforded by this provision is the protection from
multiple punishments for the same offense.  Langs v. State, 183 S.W.3d
680, 685 (Tex. Crim. App. 2006).  Greater and lesser included offenses are the
“same” offense for double jeopardy purposes.  Ex parte Amador, 326
S.W.3d 202, 205 (Tex. Crim. App. 2010); Parrish v. State, 869 S.W.2d
352, 354 (Tex. Crim. App. 1994); McCrary v. State, 327 S.W.3d 165, 173
(Tex. App.—Texarkana 2010, no pet.).  Thus, convictions of both the greater offense
and the lesser included offense arising out of the same act violate the
multiple punishment prohibition contained in the Double Jeopardy Clause.  Murray
v. State, 24 S.W.3d 881, 889 (Tex. App.—Waco 2000, pet. ref’d); Hutchins
v. State, 992 S.W.2d 629, 633 (Tex. App.—Austin 1999, pet. ref’d, untimely
filed).   Article I, section 14 of the Texas Constitution provides the same
double jeopardy protections as the United States Constitution.  Tex. Const. art. I, § 14; Stephens
v. State, 806 S.W.2d 812, 814-15 (Tex. Crim. App. 1990); Hiatt v. State,
319 S.W.3d 115, 125 (Tex. App.—San Antonio 2010, pet. ref’d).                                             

            In
this case, the indecency-with-a-child count (Count Two) in the indictment
alleged that appellant engaged in sexual contact by touching Jackson’s
genitals.  Neither the indictment nor the jury charge limited the manner and
means of the touching to touching with the fingers or the hand. Because the
indictment and the charge did not limit the jury to consider only touching with
the fingers, appellant asserts that the charge allowed the jury to convict appellant
of indecency with a child if it believed that appellant touched Jackson’s
genitals with his penis. Penile contact with the genitals in the course of penile
penetration is subsumed within the greater penetration offense.  Patterson,
152 S.W.3d at 92.  Therefore, appellant contends that, as alleged in the
indictment, the indecency-with-a-child offense is a lesser included offense of
the penetration offense alleged in Count One of the indictment.  Based on this
contention, appellant argues that double jeopardy bars a conviction for the
offense of indecency with a child.

            The
record shows that the jury would not have convicted appellant of touching
Jackson’s genitals with his penis.  The evidence about “touching” was clear and
concise.  Jackson testified that appellant touched her genitals with his
fingers one time.  She said that appellant touched, rubbed, and felt her sexual
organ.  The State sought a conviction for indecency with a child based on appellant
touching Jackson’s genitals with his fingers.  Based on the evidence, the jury
would have convicted appellant of touching Jackson’s genitals with his fingers. 
Appellant’s act of touching Jackson’s genitals with his fingers was a separate
and distinct criminal act from his act of contacting her sexual organ with his
penis.  Bottenfield v. State, 77 S.W.3d 349, 358 (Tex. App.—Fort Worth
2002, pet. ref’d); Murray, 24 S.W.3d at 889; Hutchins, 992 S.W.2d
at 633.  On these facts, indecency with a child is not a lesser included
offense of sexual assault.  Murray, 24 S.W.3d at 889.  The offenses are
not the “same” for double jeopardy purposes.  Id.; Hutchins, 992
S.W.2d at 633.  Appellant’s convictions on Counts One and Two do not constitute
multiple punishments for the same offense.  Therefore, no double jeopardy
violation has occurred.  Appellant’s sixth and seventh issues are overruled.

This
Court’s Ruling

            We affirm the judgments[7]
of the trial court. 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

April 28, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[8]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[9]

 

     

 









                [1]Maria Jackson is a pseudonym.  It was used in the
indictment to protect the identity of the child.  





 

                [2]We use the mother’s initials to protect the identity of
the child.





                [3]We are aware of the opinion in Cosio v. State,
318 S.W.3d 917 (Tex. App.—Corpus Christi 2010, pet. granted).  Our analysis
reveals that the facts in Cosio are markedly different from the facts
before us in the instant case.  As such, Cosio is distinguishable from
this case.





                [4]Appellant does not challenge the sufficiency of the
evidence to support his convictions for sexual assault of a child (Count One)
and indecency with a child (Count Two).  With respect to Counts One and Two,
the State was required to prove that Jackson was under seventeen years old but
was not required to prove that appellant knew she was under seventeen years
old.  Johnson v. State, 967 S.W.2d 848, 849-50 (Tex. Crim. App. 1998); Vasquez
v. State, 622 S.W.2d 864, 865 (Tex. Crim. App. 1981); Grice v. State,
162 S.W.3d 641, 646 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d). 

   





                [5]Jackson
v. Virginia, 443 U.S. 307 (1979). 

 





                [6]Clewis
v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996).





                [7]The trial court entered a separate judgment on each
count.

 





[8]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[9]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.