**AFFIRM; and Opinion Filed August 23, 2013.**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00445-CR**

**DONALD ALLEN MCKNIGHT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 86th District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 30048-86**

## OPINION

Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice Lewis

A jury found appellant Donald Allen McKnight guilty of aggravated sexual assault of a child (count 1), and prohibited sexual conduct (count 2). The jury found the enhancement paragraphs for two prior felony convictions to be true and assessed punishment for each count at life imprisonment. In nine issues, appellant contends the evidence was insufficient to support his convictions; the convictions violated his constitutional guarantee against double jeopardy; the trial court erred in permitting conviction on a less-than-unanimous verdict with respect to count 1; and the trial court violated his right to non-unanimous consideration of the lesser included offenses of count 1. We affirm the trial court's judgments.

# BACKGROUND

At trial, Yolanda Jackson testified that she and appellant married on October 22, 2010, and were married at the time of the alleged offense. They lived in a house at 1601 Leon Street, Kaufman, Texas, with Jackson's three minor sons, her daughter, her daughter's son, and two foreign exchange students. On August 23, 2011, the second day of school, Jackson left home early to go to the store for school supplies and a school uniform for her six-year-old son, C.J. Upon her return, she entered the house through the front door instead of through the garage. Jackson testified that as she walked into the entry hall, she saw appellant and C.J. in the living room. When appellant saw Jackson, he said, "oh crap" and grabbed C.J. up off the couch. Jackson testified that C.J.'s pants were down around his ankles and appellant's pants were undone. Appellant took C.J. into the kitchen area behind the bar and told him to pull up his pants. Appellant also told Jackson it was not what it looked like. Jackson took C.J. into a bedroom to talk to him and get him ready for school. On the way to school, C.J. told her that appellant put his "weasel" (meaning penis) in his bottom and it hurt. He also told her that he was on the couch on his stomach and appellant was behind him. Jackson testified that after taking C.J. to school, she returned home, told appellant to get out, and told him that she wanted him out of the house before her children came home from school. She got on her computer and bought appellant a one-way bus ticket to Seattle to get him to leave. She did not call the police.

Robin Smith, communication supervisor for the Kaufman Police Department, testified that she was the only dispatcher on call on August 23, 2011, when appellant called 911. She talked to appellant and dispatched Sergeant Johnny Gilmore to the house at 1601 Leon Street, Kaufman, Kaufman County, Texas. Sergeant Gilmore, a police officer with the Kaufman Police Department, testified that when he arrived at the house, he met appellant in the yard. Appellant told him that he and his wife were arguing over a van. Appellant explained that his wife asked

–2–

him to leave but would not let him take the vehicle. Appellant also told Sergeant Gilmore that his wife was going to tell the police that appellant had done something that was not true. Sergeant Gilmore left appellant outside with Officer Sutton and went inside the house to talk to Jackson. Sergeant Gilmore testified that Jackson appeared to be in shock and did not want to talk. She finally started crying and told Sergeant Gilmore what she saw, and what C.J. told her appellant had done. Sergeant Gilmore then contacted CID Sergeant Edwards and advised him of the situation. Sergeant Gilmore obtained a written statement from Jackson and called the police department's victim coordinator to come to the house.

Officer Court Sutton, a police officer with the Kaufman Police Department, testified that he arrived at the scene to assist Sergeant Gilmore. He remained outside the house with appellant while Sergeant Gilmore went into the house to speak with Jackson. When the police officers learned that appellant had multiple outstanding warrants through the Dallas Police Department, Officer Sutton transported appellant to the Kaufman Police Department.

Sergeant Les Edwards, an investigator with the Kaufman Police Department, testified that once the patrol officers arrived at the house, there was an outcry of a possible sexual assault at which time the patrol officers contacted him to come to the scene. When he arrived at the house, he interviewed Jackson. She was very upset and told him what she saw and about the verbal outcry from C.J. He then went back to the police department to interview appellant. Sergeant Edwards testified that appellant told him he made the 911 call because he and his wife were having a dispute about a van. Appellant told Edwards that he thought his wife had already called the police to accuse him of some kind of sexual molestation. Appellant confirmed that C.J.'s pants were down and his own pants were unbuttoned when Jackson found him with C.J. Appellant told Edwards he was trying to give C.J. a bath to get him ready for school. Sergeant Edwards contacted Presbyterian Hospital in Kaufman to arrange for a sexual assault nurse

–3–

examiner (SANE) evaluation of C.J. that afternoon. He also made arrangements for Child Advocacy Center (CAC) forensic interviews of C.J., his brothers, and the foreign exchange students.

Sergeant Edwards testified that he asked Jackson to pick C.J. up from school and take him to the hospital to have the SANE evaluation. Maggie Hudson, a registered sexual abuse nurse examiner at Texas Health Presbyterian Hospital Kaufman, testified that during the SANE evaluation of C.J., he told her that his dad "put his weasel in my bobo and wiggled his body around." He also told Hudson it had happened before. During the physical examination, Hudson observed redness and abrasions around C.J.'s anus. She testified that the redness and abrasions were consistent with the body resisting an insertion. She also testified that the examination revealed no indication of semen or lubricants.

The next morning, Shannon Gardner, Executive Director of the Children's Advocacy Center, conducted the forensic interview of C.J. She testified he did not want to be interviewed and did not say much in response to her questions. He finally made a limited outcry, telling her that "his dad had touched his weasel with his hand and touched his butt."

The jury heard testimony from Ciara McKnight, appellant's fourteen-year-old daughter. She testified that starting when she was about ten years old, appellant would wrestle around with her and would touch her private area. She also testified that her dad then started putting his penis inside her. She stated she had to be treated for chlamydia and that she got it from her dad. She said the sexual assaults continued for about a year. Ciara finally told her aunt what her dad was doing and her aunt told her mother. Ciara said her parents divorced around that time.

C.J. was reluctant to testify at trial. He finally testified that he remembered going to the hospital and talking to Maggie Hudson. He said he remembered telling Hudson what appellant

–4–

had done to him. He also said that what he told her was true. He said he thought what appellant did was gross and it hurt.

At the close of the guilt/innocence phase of the trial, the jury found appellant guilty of the offense of aggravated sexual assault of a child, as charged in count 1 of the amended indictment. The jury also found appellant guilty of the offense of prohibited sexual conduct, as charged in count 2 of the amended indictment. At the close of the punishment phase, the jury found both enhancement paragraphs true and assessed appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of life on each count. Appellant filed a motion for new trial, which was overruled by operation of law. Appellant then filed this appeal.

**APPLICABLE LAW**

A person commits aggravated sexual assault of a child if the person intentionally or knowingly causes his sexual organ to penetrate or contact the anus of a child younger than fourteen years of age. TEX. PENAL CODE § 22.021(a)(1)(B)(i), (a)(1)(B)(iv), (a)(2)(B). The testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault. TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2012); *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd). A person commits the offense of prohibited sexual conduct if he engages in sexual intercourse or deviate sexual intercourse with another person he knows to be, without regard to legitimacy, his current or former stepchild. TEX. PENAL CODE § 25.02(a)(2). The statute further defines "deviate sexual intercourse" to include any contact between the genitals of one person and the anus of the other person with intent to arouse or gratify the sexual desire of any person. *Id*. § 25.02(b)(1).

**DISCUSSION**

Appellant raises nine issues on appeal. Appellant challenges the sufficiency of the evidence in issues one through six, asserting the evidence was insufficient to: (1) prove territorial jurisdiction for counts 1 or 2, (2) establish counts 1 or 2 as the "earlier offense," and (3) establish counts 1 or 2 as the August 23, 2011 offense. In his seventh issue, appellant contends the trial court erred in permitting a conviction on a less-than-unanimous verdict on the alternative paragraphs alleged in count 1. In his eighth issue, appellant contends his conviction for count 2 violated his Fifth Amendment double jeopardy guarantee. In his ninth issue, appellant contends the trial court violated his right to non-unanimous consideration of the lesser included offenses of count 1.

Appellant's first six issues are dependent upon the assumption, expressed in his eighth issue, that his conviction for aggravated sexual assault and prohibited sexual conduct violate the constitutional guarantee against double jeopardy unless the State proved that two separate offenses occurred. In an effort to more succinctly address appellant's sufficiency issues, we first consider appellant's double jeopardy issue.

**A. Double Jeopardy**

The amended indictment alleged that on or about August 23, 2011, Donald McKnight committed the offenses of aggravated sexual assault of a child (count 1), prohibited sexual conduct (count 2), indecency with a child by contact (count 3), and indecency by exposure (counts 4 and 5). Ultimately, counts 3, 4, and 5 were submitted to the jury as lesser-included offenses of count 1. A separate charge was given to the jury with respect to count 2.

Appellant now urges, as he did below, that convictions for aggravated sexual assault and prohibited sexual conduct based on the same act [the August 23, 2011 offense] constitute multiple punishments for the same offense in violation of the Double Jeopardy Clause. *See* U.S.

CONST. amend. V. The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, protects an accused against a second prosecution for the same offense for which he has previously been acquitted or convicted, and also protects him from being punished more than once for the same offense. *Id.*; *see Brown v. Ohio*, 432 U.S.161, 165 (1977); *Gonzales v. State*, 304 S.W.3d 838, 845 (Tex. Crim. App. 2010). The guarantee against multiple punishments does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. *Gonzales*, 304 S.W.3d at 845. To determine whether multiple punishments violate the Double Jeopardy Clause, we compare the elements of the offenses as pled in the indictment. *Littrell v. State*, 271 S.W.3d 273, 276 (Tex. Crim. App. 2008); *Gallegos v. State*, 340 S.W.3d 797, 801 (Tex. App.—San Antonio 2011, no pet.). "When the same act violates two different penal statutes, the two offenses are the same for double jeopardy purposes if one of the offenses contains all the elements of the other; they are not the same if each offense has a unique element." *Holt v. State*, No. 03-08-00631-CR, 2010 WL 2218543, at *2 (Tex. App.—Austin June 2, 2010, pet. ref'd) (mem. op., not designated for publication) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). Thus, if the second offense contains an element not found in the first offense, double jeopardy protections are not violated. *Gallegos*, 340 S.W.3d at 801.

The offense of aggravated sexual assault of a child requires proof of a sexual assault of a child younger than fourteen years of age. *See* TEX. PENAL CODE § 22.021(a)(1)(B)(i), (a)(1)(B)(iv), (a)(2)(B). The State was required to prove that C.J. was younger than fourteen years of age at the time of the assault. Prohibited sexual conduct has an element, the family relationship between the parties, that is not an element of aggravated sexual assault of a child. *See* TEX. PENAL CODE § 25.02(a)(2). Under this statute, C.J.'s age was not a required element of proof. Instead, the State was required to prove that C.J. was appellant's current or former

stepchild.  Thus, aggravated sexual assault of a child and prohibited sexual conduct are not the same offense under the *Blockburger* "same elements" test.  *See Ervin v. State*, 991 S.W.2d 804, 814 (Tex. Crim. App. 1999) (describing factors to consider); *see also Holt*, 2010 WL 2218543, at *3 ("convictions for sexual assault and prohibited sexual conduct, although based on the same conduct, do not constitute multiple punishments for the same offense").  Further, there is no indication that the legislature intended to prohibit multiple punishments when the same conduct violates both statutes.  *See Ervin*, 991 S.W.2d at 814; *see also Holt*, 2010 WL 2218543, at *2. We conclude that appellant's convictions for aggravated sexual assault of a child and prohibited sexual conduct, although based on the same conduct, do not constitute multiple punishments for the same offense.  Appellant's eighth issue is overruled.

## B.  Sufficiency of the Evidence

We review the sufficiency of the evidence under the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979).  *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011). We examine all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *Jackson*, 443 U.S. at 319; *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). This standard recognizes "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  *Jackson*, 443 U.S. at 319; *see Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).  The trier of fact is the sole judge of the witnesses' credibility and the weight to be given their testimony and therefore, is free to accept or reject any or all evidence presented by either side.  *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008).  We defer to the trial court's determinations of witness credibility and weight of the evidence, and may not substitute

our judgment for that of the fact finder. *See Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

In his first and second issues, appellant argues the evidence was insufficient to prove territorial jurisdiction for counts 1 and 2. Appellant does not challenge the territorial jurisdiction of the State of Texas over conduct occurring on August 23, 2011. He does, however, argue on appeal that count 2 was based on a prior offense and that there was no evidence that the prior offense took place in the State of Texas.

During pre-trial proceedings, the State argued, incorrectly, that if there was evidence at trial of a prior offense, it would be used to support count 2. This was based on the testimony of the SANE, Maggie Hudson, who stated that C.J. told her the sexual assault had happened before. However, appellant was not indicted for a prior offense, there was no reference to a prior offense in the charge for count 2, and the prosecution did not urge the prior offense as a basis for appellant's conviction. Instead, the charge for count 2 states that appellant was charged with "the offense of prohibited sexual conduct, alleged to have been committed on or about August 23, 2011." Further, during the charge conference, appellant's counsel stated that all the offenses were based on "that one sexual encounter." We find nothing in the record to indicate that the jury's conviction in count 2 was based on a second offense that occurred prior to the August 23, 2011, offense of aggravated sexual assault.

In light of our conclusion above that the jury's verdicts in counts 1 and 2 were based on appellant's conduct on August 23, 2011, we need not consider whether evidence at trial was sufficient to establish the territorial jurisdiction of the State of Texas over a prior offense.

The State of Texas has jurisdiction over an offense if the conduct occurs inside the State. *See* TEX. PENAL CODE § 1.04(a)(1); *see also Lane v. State*, 174 S.W.3d 376, 387 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). We conclude the evidence was sufficient to allow a

–9–

rational jury to find, beyond a reasonable doubt, that the August 23, 2011 aggravated sexual assault of a child and the prohibited sexual conduct took place at the family home in Kaufman, Texas. The State of Texas has jurisdiction over the offenses stated in counts 1 and 2. *See* TEX. PENAL CODE § 1.04(a)(1). Appellant's first and second issues are overruled.

In issues three and four, appellant argues the evidence was insufficient to establish counts 1 or 2 as the "earlier offense." However, because we have already concluded that the jury's verdicts in counts 1 and 2 were based on appellant's conduct on August 23, 2011, we need not consider whether the evidence at trial was sufficient to establish a prior offense. Appellant's third and fourth issues are overruled.

In his fifth and sixth issues, appellant questions whether the evidence is "qualitatively sufficient" to support convictions for aggravated sexual assault and prohibited sexual conduct. The record reflects C.J.'s mother testified that her husband [appellant] sexually assaulted her six-year-old son in the living room of their family home in Kaufman, Texas, on August 23, 2011. All three police officers testified that appellant was at the house in Kaufman the morning of August 23, 2011. The same day, C.J. made an outcry to his mother and the SANE that appellant penetrated his anus with appellant's penis. The jury heard testimony that the SANE evaluation revealed redness and abrasions around the child's anus, consistent with resisting a penetration. The jury heard testimony from C.J., who confirmed the elements of the offense. Appellant told Sergeant Edwards that when his wife walked into the living room of their home, the child's pants were down and his own pants were undone but said he was trying to give C.J. a bath. We conclude the evidence was sufficient to prove aggravated sexual assault of a child.

The jury also heard testimony that C.J. was appellant's stepson. Yolanda Jackson testified that she and appellant married in October 2010, and were married at the time of the offense. Thus, C.J. was appellant's stepchild on August 23, 2011. Coupled with the evidence

–10–

that appellant penetrated C.J.'s anus with appellant's penis, the evidence was sufficient to allow a rational jury to find, beyond a reasonable doubt, the offense of prohibited sexual conduct. *Jackson*, 443 U.S. at 319; *Wise*, 364 S.W.3d at 903. Appellant's fifth and sixth issues are overruled.

## C. Charge Error

In his seventh and ninth issues, appellant complains of charge error. Specifically, he argues the trial court erred by permitting conviction on a less-than-unanimous verdict on the alternative paragraphs alleged in count 1 and by refusing to give the jury his requested "benefit-of-the-doubt" instruction with respect to count 1. Appellate review of purported jury charge error involves a two-step process. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012); *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). We first determine whether the charge is erroneous. *Kirsch*, 357 S.W.3d at 649; *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (en banc). If error is found, we analyze the error for harm. *Ngo*, 175 S.W.3d at 743. The degree of harm necessary for reversal depends on whether error was preserved by objection. *Id*. If the defendant properly objected to an erroneous jury charge, reversal is required if we find "some harm" to the defendant's rights. *See id; see also Abdnor*, 871 S.W.2d at 731–32; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).

### 1. Unanimous Verdict

We begin with appellant's complaint that he was deprived of his right to a unanimous verdict on the alternative paragraphs alleged in count 1. The jury charge on count 1 instructed the jury to convict appellant on count 1 if it found that, on or about August 23, 2011, appellant caused the penetration of the anus of complainant or if it found appellant caused complainant's anus to contact appellant's sexual organ.

In this case, the jury was instructed as follows:

> Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that on or about August 23, 2011 in Kaufman County, Texas the defendant, Donald McKnight, did then and there intentionally or knowingly cause the penetration of the anus of [C.J.], a child who was then and there younger than 14 years of age, by defendant's sexual organ, OR that the defendant then and there intentionally or knowingly cause the anus of [C.J.], a child who was then and there younger than 14 years of age, to contact the sexual organ of defendant, then you will find the defendant guilty of aggravated sexual assault of a child, as charged in Count I of the indictment in Cause No. 30048-86.

The Texas Constitution requires a unanimous verdict in all felony criminal cases. TEX. CONST. art. V, § 13; *see* TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West Supp. 2012). A unanimous verdict is more than a mere agreement on a violation of a statute; it ensures that the jury agrees on the factual elements underlying an offense. *Francis v. State*, 36 S.W.3d 121, 125 (Tex. Crim. App. 2000) (op. on reh'g) (en banc). Generally, instructing a jury on alternative theories of committing the same offense does not violate the unanimity requirement. *Martinez v. State*, 129 S.W.3d 101, 103 (Tex. Crim. App. 2004). If a defendant is charged with multiple offenses, the trial court must instruct the jury that it cannot return a guilty verdict unless it unanimously agrees upon which offense the defendant committed. *Ngo*, 175 S.W.3d at 744.

Appellant was charged with violating section 22.021 of the penal code. Generally, section 22.021 identifies different types of conduct that constitute separate offenses, even if the different acts occur in the same transaction. *See* TEX. PENAL CODE § 22.021(a)(1)(B)(i), (a)(1)(B)(iv), (a)(2)(B); *see also Valdez v. State*, 211 S.W.3d 395, 400 (Tex. App.—Eastland 2006, no pet.); *Tyson v. State*, 172 S.W.3d 172, 178 (Tex. App.—Fort Worth 2005, pet. ref'd). There are some cases, however, in which one of the acts would necessarily be subsumed by another, such as contact and penetration. *Valdez*, 211 S.W.3d at 400; *see also Gonzalez Soto v. State*, 267 S.W.3d 327, 339 (Tex. App.—Corpus Christi 2008, no pet). In that event, what would

appear under the charge to be two acts–contact and penetration–is, essentially, one act for purposes of determining unanimity, and as such, the defendant's right to unanimity in his verdict is not violated because every juror who believed that the defendant penetrated the alleged victim "necessarily believed that the antecedent contact had occurred." *Valdez*, 211 S.W.3d at 400; *see Hendrix v. State*, 150 S.W.3d 839, 848 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd); *see also Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004) (en banc) (holding that penile contact with the alleged victim's mouth, genitals, or anus in the course of penile penetration is subsumed within the penetration offense).

Appellant argues that the evidence showed separate incidents of contact and penetration. However, the record does not support appellant's contention and we have previously found against him on this issue. The allegation that appellant caused C.J.'s anus to contact his sexual organ is subsumed with the allegation that he penetrated C.J.'s anus with his sexual organ. S*ee Patterson*, 152 S.W.3d at 92; *Hendrix*, 150 S.W.3d at 847–48. Thus a jury charge which submits instances of penetration and contact occurring in the same transaction does not deprive a defendant of a unanimous verdict. *See Valdez*, 211 S.W.3d at 400; *Hendrix*, 150 S.W.3d at 848. We conclude the charge submitted in count 1 did not deprive appellant of a unanimous verdict. Appellant's seventh issue is overruled.

## 2. Benefit-Of-The-Doubt Instruction

In his ninth issue, appellant complains the trial court erred in refusing his requested instruction that if the jury had a reasonable doubt as to whether the defendant committed aggravated sexual assault or indecency with a child, the jury should resolve that doubt in favor of the defendant and find him guilty of the lesser-included-offense of indecency with a child. The parties discussed this proposed language at length during the charge conference. The trial judge responded, stating that the jury charge was set up the way he normally saw it, that the jury

considers the more serious charge first and then goes on to the lesser-included only if they find the defendant not guilty on the more serious charge. In denying the requested language, the trial judge noted that it appeared defendant was suggesting the jury should consider more than one charge at a time instead of considering the more serious charge first and going to the lesser-included only if they found the defendant not guilty of the more serious one. On appeal, appellant argues that his proposed language was a "benefit of the doubt" instruction that should have given to the jury upon the request of the defendant. He contends the trial court's refusal to give his proposed instruction violated appellant's right to non-unanimous consideration of the lesser offenses to count 1.

The general rule has been that where greater and lesser grades or degrees of an offense are charged, the court must give the jury a "benefit of the doubt" instruction if requested by the defendant. *See Kihega v. State*, 392 S.W.3d 828, 835 (Tex. App.—Texarkana 2013, no pet.); *Benavides v. State*, 763 S.W.2d 587, 589 (Tex. App.—Corpus Christi 1988, pet. ref'd). The instruction is given to clear up any confusion where the jury has no reasonable doubt as to the defendant's guilt, but is uncertain about the grade or degree of the offense. *Benavides*, 763 S.W.2d at 589 (citing *Richardson v. State*, 108 Tex. Crim. 318, 328, 239 S.W. 218, 224 (1922). Failure to include a "benefit of the doubt" instruction is not harmful to the defendant, however, if the charge as a whole leaves no uncertainty as to how to resolve any doubt. *Benavides,* 763 S.W.2d at 589; *Shelby v. State*, 724 S.W.2d 138, 140 (Tex. App.—Dallas 1987) (op. on reh'g), vacated on other grounds, 761 S.W.2d 5 (Tex. Crim. App. 1988). Our determination is made from a review of the entire jury charge, the evidence, argument of counsel, and any other relevant information revealed by the record. *Abdnor*, 871 S.W.2d at 733; *Almanza*, 686 S.W.2d at 171.

The charge in this case is similar to the charge in *Shelby v. State*, in which this Court held that refusal of a requested instruction on benefit of the doubt was not harmful to the appellant. In the *Shelby* case, we stated:

> Although a requested instruction may be proper, its refusal is not harmful to the defendant if the charge given by the court adequately presents the theory proposed by the requested instruction. *Thomas v. State*, 578 S.W.2d 691, 698 (Tex. Crim. App. 1979). Although the charge does not explicitly advise the jury, as requested by appellant, that appellant should be given the "benefit of the doubt" if they are in doubt as to whether he is guilty of murder or aggravated assault, the charge leaves no uncertainty as to how to resolve the doubt or where the burden of proof lies on that issue. Consequently, we hold that the court did not err in denying the requested instruction.

*Shelby*, 724 S.W.2d at 140.

The present charge, in our view, leaves no uncertainty as to how to resolve any doubt regarding what verdict to return if the jury believed appellant was guilty but had doubt as to whether he was guilty of aggravated sexual assault or indecency with a child. No further "benefit of the doubt" instruction was necessary. *See id*.; *see also Benavides*, 763 S.W.2d at 589. Appellant's ninth issue is overruled.

## CONCLUSION

Having overruled all of appellant's issues, we affirm the judgment of the trial court.

/David Lewis/
DAVID LEWIS
JUSTICE

Do Not Publish
Tex. R. App. P. 47

120445F.U05

–15–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DONALD ALLEN MCKNIGHT, Appellant

No. 05-12-00445-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th District Court, Kaufman County, Texas
Trial Court Cause No. 30048-86.

Opinion delivered by Justice Lewis. Justices FitzGerald and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of August, 2013.

/David Lewis/
DAVID LEWIS
JUSTICE